## JOE BILLINGSLEY v. THE STATE.

### No. 3156.    Decided April 25, 1906.

**Perjury—Evidence—Number of Witnesses—Contradictory Statements.**

Where upon trial for perjury the assignment of perjury was that defendant falsely swore before a justice of the peace that he did not see the State's witness with a pistol, and did not see him shoot it, and that he afterwards was brought before the same justice and made a contradictory statement under oath; and the State proved these two statements before the justice of the peace, but there was no positive proof by the State that defendant saw the State's witness with a pistol or saw him shoot the pistol, and there was nothing positive except the contradictory statements of the accused before said justice, the evidence was insufficient to meet the requirement of the statute of two witnesses to the falsity of the statement or of one witness with strong corroborating testimony.

Appeal from the District Court of Blanco.   Tried below before Hon. Clarence Martin.

Appeal from a conviction of perjury; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief for appellant has reached the hands of the Reporter.

*J. E. Yantis,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of perjury in that he should have stated before the justice of the peace, in what is termed a "court of inquiry," that he did not see Mart Davis with a pistol, and did not see him shoot a pistol.   Subsequently appellant was brought before the same justice of the peace and made a contradictory statement under oath, to that averred as being false. The two statements were proved by the justice of the peace and a peace officer.   Mart Davis testified that he and appellant, on the night of the supposed shooting of the pistol left the little town of Blanco together, and were traveling in the same direction; that he did have a pistol either on his person or in his saddle bags—as to whether it was in the saddle bags or on his person is not definite.   But he fired the pistol, and for fear of being caught with it threw it away.   That at the time he fired the pistol he did not know where appellant was, but he was somewhere behind him.   The peace officer testified he heard the shot, and went in that direction, overtook Davis, examined him, but failed to find a pistol.   Davis accounts for his failure to find it by the statement that he had thrown it away.   Appellant made some statements outside of court, which tended with some degree of force to show that he had made a false statement in the first instance. This is about the substance of the testimony.

It is contended that this evidence is not sufficient.   In order to convict of the crime of perjury under our statute, it is necessary that there be two witnesses to prove the falsity of the statement, or one

witness with strong corroborating circumstances; otherwise the conviction cannot be sustained. It has been settled by this court in Brooks v. State, 29 Texas Crim. App., 582, and Agar v. State, 29 Texas Crim. App., 605, that a party cannot be convicted upon his contradictory statements, where one is under oath and the other not, or where both are under oath. In Schwartz v. Com., 27 Gratt., 1025, it was held that evidence simply showing that defendant at one time swore to one state of facts and subsequently changed his testimony, and admitted the falsity of the former statement, testifying in direct contradiction of the first statement, was not sufficient to justify a conviction. The State must prove which of the two statements is false, and must show the statement relied on for perjury as being false by evidence independent of the contradictory statements of defendant or his sworn declaration. In State v. Buckley, 18 Ore., 228, it was held that a conviction for perjury could not be sustained where there is no other evidence save that of contradictory statements by the accused. To the same effect is Peterson v. State, 74 Ala., 34; Roscoe's Crim. Ev., 767–8; 2 Russell on Crimes, 651–2; Reg. v. Wheatland, 8 C. & P., 238; 2 Wharton's Crim. Law, sec. 1005; Dodge v. State, 4 Zabriskie, 455; 2 Bishop Crim. Proc., 930–2; 1 Greenleaf, sec. 259. The question then is, has the State introduced a sufficient quantum of proof to justify the conviction. The officer testified that he heard a pistol shot. Davis testified that he fired the shot, but did not know at the time the whereabouts of defendant further than that he was somewhere behind him. Then we have no witness testifying in this case that appellant saw Davis with a pistol, or saw him shoot a pistol; and the strongest possible case the State has shown is that appellant, having traveled along the road with Davis, might have been sufficiently close to have either seen the pistol or have heard Davis shoot it. But that is an inference from the circumstances. There is no direct proof of his proximity to Davis at the time the pistol was fired. He may have seen the pistol fired, or he may not have seen it—so far as Davis is concerned. The officer knew nothing of the facts further than that he heard the report of the pistol. So there is no witness in the case who testifies positively to the fact that appellant saw Davis with a pistol or saw him shoot the pistol. In order to arrive at the conclusion that appellant saw Davis, either with the pistol or discharge it, we must deduce it from the fact that he was traveling with him, and was somewhere in his rear at the time the pistol was fired. Independent of the contradictory statements of the accused this is the strength of the State's case, and it does not, in our judgment, meet the requirement of the statute which requires two witnesses to the falsity of the statement, or one witness with strong corroborating testimony. We therefore conclude the evidence is not sufficient to justify the verdict.

　　The judgment is reversed and the cause remanded.

　　　　　　　　　　　　　　　　　　　　　*Reversed and remanded.*