## HOM YUEN v. UNITED STATES.

### (Circuit Court of Appeals, Second Circuit. April 7, 1914.)

### No. 247.

1. ALIENS (§ 27*)—CHINESE PERSONS EXCLUDED—PERSONS DEPARTING FROM AND RETURNING TO UNITED STATES.

Under Act Sept. 13, 1888, c. 1015, § 5, 25 Stat. 477 (U. S. Comp. St. 1901, p. 1314), providing that no Chinese laborer after leaving the United States shall be permitted to return, except under the conditions therein stated, a Chinese laborer's certificate of residence was abrogated by leaving the United States and did not entitle him to return.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 85-87; Dec. Dig. § 27.*

What Chinese persons are excluded from the United States, see note to Wong You v. United States, 104 C. C. A. 538.]

2. ALIENS (§ 28*)—CHINESE PERSONS EXCLUDED—PERSONS DEPARTING FROM AND RETURNING TO UNITED STATES.

Under Act Sept. 13, 1888, c. 1015, § 6, 25 Stat. 477 (U. S. Comp. St. 1901, p. 1314), providing that no Chinese laborer leaving the United States shall be permitted to return unless he has within the United States a wife, child, or parent, property worth $1,000, or debts of like amount, and section 7, requiring a Chinese person, claiming the right to leave and return, to apply to the Chinese inspector and make on oath a full statement of his family, property, or debts, and providing that the inspector, if he shall so decide, shall sign and give to the person applying a certificate, which shall be the sole evidence given to such person of his right to return, and that no Chinese person shall be permitted to re-enter the United States without producing such return certificate, the granting of the return certificate is not conclusive as to the right to re-enter, espe-

cially as, though a Chinese person has a parent or child, property, or debts entitling him to return when the certificate is issued, he cannot re-enter, if he does not comply with the conditions imposed by section 6 on the right to re-enter when he applies to re-enter.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 88–90; Dec. Dig. § 28.*]

3. ALIENS (§ 32*)—EXCLUSION OF CHINESE—PROCEEDINGS—COLLATERAL ATTACK.

Under Act Sept. 13, 1888, c. 1015, § 7, 25 Stat. 476 (U. S. Comp. St. 1901, p. 1314), providing that a Chinese laborer possessing a return certificate issued to him when leaving the United States shall be admitted to the United States only at the port from which he departed therefrom, the decision of the immigration officer at the port from which a laborer departed against his right to re-enter could be reviewed only by an appeal to the Secretary of Commerce and Labor, or by an application to the proper court, and could not be collaterally attacked by a laborer who, after his exclusion, surreptitiously entered the United States and was arrested and ordered deported.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 84, 92–95; Dec. Dig. § 32.*]

Appeal from the District Court of the United States for the Southern District of New York.

This cause comes here on appeal from a decision of the District Court, Southern District of New York, sustaining a decision of the United States Commissioner, who found that defendant was a Chinese person of Chinese descent and a laborer, without certificate of residence, that he was unlawfully within the United States, and ordered that he be deported. Affirmed.

R. M. Moore, of New York City, for appellant.
F. M. Roosa, Asst. U. S. Atty., of New York City.

Before LACOMBE, WARD, and ROGERS, Circuit Judges.

LACOMBE, Circuit Judge. On April 4, 1894, a certificate of residence was issued to Hom Yuen by the collector of internal revenue for the First district of New York (Brooklyn). On October 27, 1902, wishing to return to China, he was granted a return certificate by the collector of customs at Malone, N. Y., under the act of September 13, 1888 (25 Stat. at Large, 476). This act provides (section 5) that after its passage no Chinese laborer in the United States shall be permitted, after having left, to return thereto, except under the conditions stated in the act. Section 6 provides that no Chinese laborer within the purview of the preceding section shall be permitted to return to the United States unless he has a lawful wife, child, or parent in the United States, or property therein of the value of $1,000, or debts of like amount due him and pending settlement. Section 7 provides that a Chinese person claiming the right to leave and return must apply to the Chinese inspector in charge of the district from which he wishes to depart, and make on oath before the inspector a full statement descriptive of his family, or property, or debts as the case may be. He must also furnish such proofs as may be required. If the inspector, after hearing and investigation, shall decide to issue a certificate of re-

turn, he shall sign and give to the person applying a certificate, which shall be the sole evidence given to such person of his right to return. No Chinese person shall be permitted to re-enter the United States without producing to the proper officer in charge at the port of such entry the return certificate herein required. The same section further provides that a Chinese laborer possessing a certificate under this section shall be admitted to the United States only at the port from which he departed therefrom.

The return certificate issued to Hom Yuen at Malone was issued upon his sworn statement that:

"Hum Lang, 253 Court street, Brooklyn, owes me $1,000, money borrowed January 20, 1902, for laundry purposes. He is unable to pay me at present, but intends to do so on my return from China."

On receipt of his return certificate he gave up his labor certificate to be held by the proper governmental authorities until his re-entry into the United States. Hom Yuen departed from Malone for China October 27, 1902. He applied for readmission at the same port on June 28, 1904; thereupon investigation was made as to the alleged debt due him, and as a result thereof he was denied admission upon the grounds that such debt was not bona fide. He appealed to the Secretary of Commerce and Labor, who sustained the decision below. Thereafter he was delivered to the Canadian Pacific Railway Company for return to China and the certificate of residence was subsequently canceled.

[1] Hom Yuen thereafter effected a surreptitious entry from Canada into the United States and was found here—a laborer without certificate. The contention of the appellant is that the return certificate was conclusive; that, having that with him when he applied at Malone, there was no right to refuse him re-entry; also that he had a right to rely on his original certificate of residence. The certificate of residence was abrogated by section 5, supra, by his leaving the United States; right to return could be secured only in the way prescribed by the statute.

[2] The proposition that there is any finality about the "return certificate" is wholly unfounded. In the very nature of things it could not be final; it is concerned only with what is shown to be the situation as to family, property, or debts, at the time when it is issued. But re-entry is to be determined by the status on the day of return. A Chinese person may have a parent or child living here, or may own property here, or there may be money owing to him, when he takes out the return certificate; but if, during his absence, the relatives die or cease to reside here, or the property is sold and the money sent to him in China, or the debt extinguished by payment, he cannot re-enter, certificate or no certificate, because when he applies to re-enter he does not comply with the conditions which section 6 imposes on all Chinese persons seeking re-entry.

[3] Moreover all questions as to his right to re-enter must be settled at the port from which he departed; there only under section 7 can he re-enter. Hom Yuen applied at Malone and the question of his right to re-enter was there properly inquired into. What testi-

mony was before the immigration officer does not appear; the record seems to indicate that the alleged debtor swore that he owed defendant nothing; it may be that Hom Yuen testified to the contrary—presumably he did so and the officer believed the other man. If the defendant thought himself aggrieved by this adverse decision, he should have undertaken to review it directly, either by appeal to the Secretary of Commerce and Labor (this he seems to have done), or, if there were some irregularity which a court could look into, by application of some sort to the proper tribunal (this he did not do). The decision by the proper officer at the proper place adverse to his admission certainly cannot be attacked collaterally.

The decision of the District Court is affirmed.