## J. PAYTES *v.* STATE.

### (*Nashville.* December Term, 1916.)

**PERJURY.** Sufficiency of evidence.

Evidence merely that one's testimony before the grand jury and on a trial conflicted, without evidence of which was false, is insufficient to convict of perjury.

Cases cited and approved: Reg. v. Wheatland, 8 C. & P., 238; Reg. v. Hughes, 1 C. & K., 519; People v. Burden, 9 Barb. (N. Y.), 467; People v. Doody, 172 N. Y., 165; Schwartz v. Commonwealth, 27 Grat. (Va.), 1025; Peterson v. State, 74 Ala., 34; State v. Williams, 30 Mo., 364; Billingsley v. State, 49 Tex. Cr. R., 620.

Case cited and distinguished: Rex v. Hook, 8 Cox C. C., 5.

---

FROM DAVIDSON.

---

Appeal from the Criminal Court of Davidson County.—A. B. NEIL, Judge.

CHESTER K. HART, for appellant.

WM. H. SWIGGART, JR., Assistant Attorney-General, for the State.

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

Plaintiff in error was convicted of perjury, which crime is alleged to have been committed by her in the

137 Tenn.—9

case of the state against one Henry Finley, which involved a prosecution for the illegal selling of intoxicating liquors. Paytes was introduced by the State in that case and relied on as the witness who made the purchase of the liquor, but she gave testimony denying that she had done so.

The foreman of the grand jury, before which plaintiff in error had testified when the indictment of Finley was found, was called as a witness for the State on the trial for perjury, and he stated that Paytes had sworn before that body that she had on the occasion in question bought one-half pint of whiskey from Finley, paying therefor thirty-five cents.

Is guilt of perjury sufficiently established by proof of such contradictory oaths of the accused?

The early English rulings were to the effect that an accused could be convicted for perjury upon mere proof of the fact that he had made contradictory statements under oath. In *Rex* v. *Hook,* 8 Cox C. C., 5, POLLOK, C. B., said.

"There is no doubt that what may be called the common-sense conclusion is, that if a man deliberately and willfully on one occasion swore that it was so, and on another occasion deliberately swore that it was not so, no doubt he must have been guilty of perjury on one or the other occasion."

This rule was approved by Justices YATES, WILMOT, and ASTON, and by LORD MANSFIELD; but later cases in that jurisdiction announce and enforce the contrary

view. REG. *v.* WHEATLAND, 8 C. & P., 238, 34 E. C. L., 369; REG. v. HUGHES, 1 C. & K., 519, 47 E. C. L, 519.

In this country the New York courts hold to the earlier English doctrine, that where the same person has by opposite oaths asserted and denied the same fact, the proof of one should be sufficient to establish the falsity of the other. *People* v. *Burden,* 9 Barb. (N. Y.), 467; *People* v. *Doody,* 172 N. Y., 165, 64 N. E., 807.

But by a decided weight of authority the courts of this country declare the rule that in order to a conviction for perjury it is not sufficient to prove merely that the accused at different times made, or testified to, two statements that cannot be reconciled; and that there must be some additional testimony as to the falsity of the matter in respect of which perjury is averred. *Schwartz* v. *Commonwealth,* 27 Grat. (Va.), 1025, 21 Am. Rep., 365; *Peterson* v. *State,* 74 Ala., 34; *State* v. *Williams,* 30 Mo., 364; *Billingsley* v. *State,* 49 Tex. Cr. R., 620, 95 S. W., 520, 13 Ann. Cas., 730, and note; 9 Enc. Ev., 764; 4 Elliott on Evidence, section 3088.

This in our opinion is the better doctrine. When the fact of the making of the contradictory statements is established, it remains to be shown which of two is false. It seems just to require some corroboration touching the falsity of the oath relied on for conviction, such as the oath of one witness or circumstances tending fairly to show the truth of the version re-

lied upon to establish that the oath to the opposite was false.

Sufficient corroboration does not appear in the record to sustain the conviction of plaintiff in error, and a reversal of the case results. Remanded.