## Smith v. Commonwealth.

(Decided April 23, 1918.)

### Appeal from Warren Circuit·Court.

Perjury—False Swearing—·Sufficiency of Evidence to Sustain a Conviction.—A conviction for false swearing cannot be sustained unless the charge is supported by the testimony of two witnesses, or of one witness and strong corroborating circumstances.

B. F. WALLACE for appellant.

CHARLES H. MORRIS, Attorney General, and OVERTON S. HOGAN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

The appellant, Ella Smith, was indicted by the grand jury of Warren county for the offense of false swearing, committed, as alleged in ·the indictment, at a time when after first being duly sworn she was testifying in a court of inquiry being held by the police judge of the city ·of Bowling Green and said: "that she did not go to the boat-landing or near the boat-landing on Thursday night of the murder of Maggie Roemer and did not on said night or any other occasion go to or near said place with Clarance Runner when, in fact and in truth, she was at and near said boat-landing on said night with said Runner and had been at divers times as she well knew when said statement was made."

It appears from the evidence of Judge Hines, judge of the police court, and other witnesses who were present when ·Ella Smith was giving evidence before the court of ·inquiry held by Judge Hines, that she was asked if, on Thursday night, June 21, she went with Clarance· Runner to the Paschal grocery store near the boat-landing and that she answered "she did not" and had never walked down that way with him in her life further than a little grocery at the axe factory some distance from the Paschal store and the boat-landing. It further appears that a few days after this, she went before Judge Hines and endeavored to correct so much of her statement as said that she had never at any time been to the Paschal store with Runner, but Judge Hines refused to pay any attention to this attempted explanation, and soon thereafter she was arrested for the alleged false swearing that is the subject of the indictment.

Clarance Runner, on the trial of the indictment, testified that on Thursday night, June 21st, he and Ella Smith walked down to Paschal's store near the boat-landing about 9 o'clock, and remained at the store some 10 or 15 minutes, and then walked back to the house of Ella Smith, something over a half mile from Paschal's store. He further said that he did not remember to have been at the Paschal store or boat-landing with Ella Smith on any other occasion. On cross-examination he was asked and answered these questions:

"Q. Were you at Mrs. Smith's on Friday night? A. Yes, sir. Q. Was it Friday night or Thursday night that you went to the boat-landing, or down at Paschal's store? A. My recollection is it was Thursday night. Q. Could you be wrong about that? A. I reckon anybody could be wrong. I reckon I could be mistaken about it, but I was questioned about it at the court of inquiry and I got it fixed in my mind that it was Thursday night; of course I have nothing only my memory to go by. Q. You made only one trip to Paschal's store with her, and your judgment is it was Thursday night? A. Yes, sir." . . . . "Q. And you say you went to the boat-landing Thursday night, and on Friday you went to the store at the axe handle factory? A. Yes, sir. Q. And on Thursday night was the only occasion you ever went with her to the boat-landing? A. Yes, sir."

Ella Smith, testifying in her own behalf on the trial of the case, said that she did not go to Paschal's store with Runner on Thursday night but did go there with him on Friday night, but admitted that on Thursday night she was in company with Runner at her house.

The jury, after hearing the evidence and being properly instructed, returned a verdict finding that Ella Smith was guilty of the false swearing charged in the indictment, and fixed her punishment at confinement in the State Penitentiary for 2 years and 6 months.

On this appeal the principal ground relied on for reversal is that the evidence was not sufficient to sustain the finding of the jury. It is the law, and is so admitted to be, that a conviction for false swearing cannot be sustained unless the charge is supported by the testimony of two witnesses, or of one witness and strong corroborating circumstances. It is conceded that the alleged false statement of Ella Smith that she was not at Paschal's store or near the boat-landing on Thursday night is only established by the evidence of Clarance Runner, and so it nec-

essarily follows that unless there are strong corroborating circumstances tending to support the evidence of Runner the conviction must be set aside. Plainly there is a flat contradiction between the evidence of Clarance Runner and Ella Smith as to whether on Thursday night she went with him to Paschal's store, near the boat-landing. He says she did and she says she did not. But, as we have seen, the evidence of Runner alone is not sufficient to sustain the conviction, and there being no other witness who testified concerning this matter it is indispensable that the evidence of Runner should be corroborated by circumstances, and we fail to find in the record any circumstances conducing to support his evidence.

It is argued by counsel for the Commonwealth that because Ella Smith, at the court of inquiry, said that she did not go, at any time, to Paschal's store with Runner, while on her examination on the trial of this case, she admitted that she did go to Paschal's store with him on Friday night; and because at the court of inquiry she stated that she did not see Runner on Thursday night, but testified in her own behalf that he was at her house that night, her contradictory evidence in respect to these matters furnishes sufficient corroboration of the evidence of Runner to sustain the verdict. We do not, however, find in these contradictory statements of Ella Smith any corroboration whatever of the evidence of Runner that she was with him at Paschal's store on Thursday night. The case for the Commonwealth must stand on the evidence of Runner that Ella Smith was at Paschal's store with him on Thursday night and on the falsity of her statement in respect to this visit on this occasion. She cannot be convicted on other false or contradictory statements made by her.

The evidence in this record not being sufficient to sustain a conviction, the judgment is reversed.