10962

### STATE v. BURNS

(113 S. E. 351)

1. PERJURY—CONVICTION CANNOT BE SUSTAINED MERELY ON CONTRADICTORY SWORN STATEMENTS BY ACCUSED.—A conviction for perjury cannot be sustained merely on the contradictory sworn statements of accused, but the State must prove that the statement made the basis of the perjury charge was false by evidence other than the contradictory statement.

2. PERJURY—ADMISSION BY ACCUSED FORMER TESTIMONY WAS FALSE IS NOT SUFFICIENT CORROBORATION OF FALSITY.—The statement of defendant in his testimony at the final trial of another that his evidence given at the preliminary hearing of the other was intentionally false is not a sufficient extraneous proof of the falsity of the first statement to avoid the rule that the State must prove which of two contradictory sworn statements was false by evidence outside of the contradictory statements.

3. PERJURY—ACQUITTAL OF PERSON AGAINST WHOM ALLEGED FALSE TESTIMONY WAS GIVEN DOES NOT CORROBORATE EVIDENCE OF FALSITY.—Where defendant was charged with falsely testifying at the preliminary examination of another that he saw the other commit an assault, and at the final trial of the other he testified that his testimony at the preliminary examination was false, the acquittal of the other was not extrinsic and independent evidence sufficient to establish the falsity of the testimony by defendant at the preliminary hearing.

Before MEMMINGER, J., Jasper, February, 1922. Reversed.

Rufus Burns upon conviction of perjury appeals.

*Mr. H. Klugh Purdy,* for appellant, cites: *Conviction for perjury cannot be sustained on contradictory sworn statements of defendant:* 10 S. C. L. 549; 21 R. C. L. 271.

*Mr. Randolph Murdaugh, Solicitor,* for respondent, cites: *Defendant can be convicted on his own sworn contradictory statements alone:* 9 Barb. 467.

July 6, 1922.

The opinion of the Court was delivered by MR. JUSTICE MARION.

The defendant was indicted for and convicted of perjury, alleged to have been committed by falsely swearing at a preliminary hearing before a magistrate.

The defendant, being duly sworn, testified at the preliminary hearing in the case of *State v. Richard Jones* that he saw Richard Jones hit Sam Moultrie in the head with a black jack and kick him into Pocataligo River. On the trial of Richard Jones in the Court of General Sessions, the defendant testified that his previous testimony before the magistrate upon the preliminary hearing was false, and that Richard Jones did not hit Sam Moultrie in the head with a black jack and did not kick him into the Pocataligo River.

The trial Judge overruled defendant's motion for a directed verdict made upon the ground that there was no evidence tending to establish the falsity of the defendant's statement at the preliminary hearing (constituting the subject-matter of the alleged perjury), except the contradictory statement of defendant upon the trial in General Sessions. The sole question raised upon the trial is whether the defendant's subsequent contradictory testimony, accompanied by a definite admission that his testimony as previously given was false and untrue, was sufficient to support a conviction of perjury.

It is well settled that a conviction for perjury cannot be sustained merely on the contradictory sworn statements of the defendant. The State must prove which of the two statements is false, and must show the statement, which is made the basis of the perjury charge, to be false by other evidence than the contradictory statement. 21 R. C. L. 271; *People v. McClintic*, 193 Mich. 589, 160 N. W. 461, L. R. A. 1917C, 52; *State v. Binkley*, 123 Ark. 240, 185 S. W. 279; *Billingsley v. State*, 49 Tex. Cr. R. 620, 95 S. W. 520, 13 Ann. Cas. 730; *Schwartz v. Com.*, 27 Grat. (Va.) 1025, 21 Am. Dec. 365; *Paytes v. State*, 137 Tenn. 129, 191 S. W. 975, L. R. A. 1917C, 955.

This general rule is recognized in the case of *State v. Hayward,* 1 Nott & McC. 546, wherein Mr. Justice Cheves says:

"It is the falsehood only of the oath (on which the perjury is assigned) which requires more proof."

It is forcibly argued on behalf of the State that the general rule should not apply in the case at bar.for the reason that in defendant's second statement the intentional falsity of the first was expressly acknowledged or confessed. That contention is supported by the case of *People v. Burden* (1850) 9 Barb. (N. Y.) 467. In note to *People v. McClintic,* 193 Mich. 589, 160 N. W. 461, L. R. A. 1917C, 58, the annotator refers to *People v. Burden* as "the only American case holding contrary to the general rule." Criticizing the decision in that case, the Virginia Court, in *Schwartz v. Commonwealth,* supra, says:

"The distinction he. seeks to establish is not recognized by any adjudicated case, or by any writer on criminal law. * * * Is it possible the principle is so reversed and is of so little value that the prisoner may be convicted of perjury upon the first merely because upon a second examination he admitted the first did not contain the truth? If this be so, the rule laid down that in case of two conflicting statements there can be no conviction unless there is corroborative evidence, is not of the slightest value."

After careful consideration, we are unable to reach the conclusion that the view for which the State contends is sufficiently well grounded in reason to justify its adoption by this Court.

We are of the opinion that the defendant's motion for a directed verdict should have been granted.

The fact that the jury in the case of *State v. Jones* acquitted the accused in that case does not furnish the extrinsic and independent evidence required to prove the falsity of appellant's first statement before the Magistrate.

For the reasons stated, the judgment of the Circuit

Court is reversed, and the cause remanded for the entry of a judgment of acquittal in accordance with rule 27.