## CHARLES C. GOLTRY v. STATE.

No. A-4034.   Opinion Filed July 14, 1923.
(216 Pac. 485.)

(Syllabus.)

**Perjury—Proof—Number of Witnesses Required.**  No person can be lawfully convicted for perjury on the unsupported testimony of one witness.   The charge should be supported by at least two witnesses, or by one witness and corroborating circumstances.

Appeal from District Court, Cotton County; Cham Jones, Judge.

Charles C. Goltry was convicted of perjury, and he appeals.   Reversed and remanded.

J. F. Thomas, for plaintiff in error.

The Attorney General and Baxter Taylor, Asst. Atty. Gen., for the State.

BESSEY, J.   Charles C. Goltry was by information filed in the district court of Cotton county on December 1, 1920, charged with the crime of perjury by giving false testimony in the district court of Cotton county on the 4th day of December, 1919.   By a verdict of the jury rendered January 15,

1921, the accused was found guilty as charged, and his punishment assessed at confinement in the penitentiary for a term of 10 years. From the judgment on the verdict he appeals.

It is shown by the testimony of C. D. Cund that he was the court reporter for the Fifteenth judicial district of Oklahoma on the 4th day of December, 1919, and acted as such reporter in the trial of the case of State v. Everett Robbins, charged with the seduction of Ethel Hodges; that he took the testimony of Charles C. Goltry, the accused in this case, at that trial. The witness then read from his stenographic notes the testimony of the accused, to the effect that he had had sexual intercourse with Ethel Hodges, the prosecuting witness in the seduction case. The state then called Ethel Hodges, who testified that she had not had sexual intercourse with the accused, Charles Goltry, nor with any other person excepting Everett Robbins, the defendant in the seduction case. The accused did not take the witness stand, and the issue raised by the state was supported only by the testimony of Ethel Hodges.

The accused claims that no person can be lawfully convicted of perjury on the unsupported testimony of one witness; that the testimony of Ethel Hodges, in order to sustain a conviction, should be corroborated by another witness or by facts and circumstances tending to show that her testimony was true. In no case can a conviction for perjury be secured and sustained on the uncorroborated testimony of one witness. The underlying principle of this rule is that, if there be but one witness to prove the allegations of falsity, it amounts to the word of one person being placed against the word of another, and it necessarily remains doubtful where the truth lies, the word of the accused which is alleged to be false being sufficient to counterpoise the testimony of a single witness. 30 Cyc. subsec. 2A, p. 1453. The rule as above stated is in sub-

stance reiterated in 21 R. C. L. p. 272, where it is further stated that the contradictory evidence of one witness alone is never sufficient, as it merely establishes an equilibrium, and therefore additional weight is necessary to turn the proof against the defendant. The corroboration of a single witness for the prosecution must be by proof of independent and material facts and circumstances tending directly to support the testimony of the witness, and must be of a strong character, and not merely corroborative in slight particulars, and it must contradict in positive terms the statement of the accused. A living witness, however, may be dispensed with, where corroboration may be had by documentary or written testimony or by other facts or circumstances.

In the case of Saucier v. State, 95 Miss. 226, 48 South. 840, 21 Ann. Cas. 1155, the court said:

"The quantum of proof required in perjury is well known, and somewhere in the state's charges that quantum should be stated to be necessary." It should appear in some of its charges that perjury must be "established by the testimony of two witnesses, or one witness and corroborating circumstances."

See Ex parte Metcalf, 8 Okla. Cr. 605, 129 Pac. 675, 44 L. R. A. (N. S.) 513; State v. Storey (Minn.) 15 A. L. R. 639, notes and annotations.

Since the testimony of Ethel Hodges was not corroborated in any way, either by the testimony of another witness or by any record, facts, or circumstances, it must follow that the proof was insufficient to support the verdict. The judgment of the trial court is therefore reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

DOYLE, J., concurs.

MATSON, P. J., absent, and not participating.