## ROSE SHOEMAKER v. STATE.

No. A-4589. Opinion Filed Feb. 14, 1925.
(233 Pac. 489.)

(Syllabus.)

1. **Perjury—Quantitative Rule of Evidence Applicable—Falsity of Evidence on Which Charge is Based Provable by Circumstantial Evidence.** The quantitative rule of evidence in perjury cases is the rule of this court, although the falsity of the evidence upon which the charge of perjury is based may be established by circumstantial evidence.

2. **Perjury—Necessity for Proof by Extrinsic Evidence that Statement in Question is False.** A conviction for perjury cannot be had upon proof alone that accused made contradictory statements under oath. The state must prove by extrinsic evidence that the statement upon which the prosecution is found is false.

3. **Same—Falsity of One of Contradictory Statements, under Oath, not Provable by Unsworn Statements of Accused.** Where perjury is based on contradictory statements, under oath, the

falsity of one of such statements as a basis for perjury cannot be proven by the unsworn statements of the accused.

4.   **Same—Evidence Insufficient to Sustain Conviction.** Evidence examined, and found to be insufficient to sustain a conviction for perjury.

Appeal from District Court, Washington County; J. R. Charlton, Judge.

Rose Shoemaker was convicted of perjury, and she appeals. Reversed and remanded.

Campbell & Ray, for plaintiff in error.

George F. Short, Atty. Gen., and J. Roy Orr, Asst. Atty. Gen., for the State.                           ,

EDWARDS, J.  An examination of the record discloses the following state of facts: Rose Shoemaker, formerly Rose Cherry, the plaintiff in error, had been the wife of W. C. Cherry, and was divorced from him.  She was keeping house, and had two roomers; one a man by the name of Tally, and the other by the name of Shoemaker, whom she afterwards married.  On the night of the 6th of March, 1921, a noise was heard outside of the house of the plaintiff in error, and Tally, taking a pistol, went outdoors, was shot and fatally wounded by some one outside the house.  Cherry was charged with the crime, and had a preliminary hearing.  The said Rose Shoemaker testified as a witness for the state at the preliminary, and in her testimony positively identified Cherry as the man who did the shooting.  Her testimony was that she recognized him by his voice in an exclamation made at the time of the killing and by the manner in which he cleared his throat, about two hours prior to the killing, near the scene of the killing.  Later, at the trial of Cherry on the charge of murder, the plaintiff in error was again a witness for the state, but her evidence was unsatisfactory. She failed and refused to identify the defendant as she

had at the preliminary, and this prosecution for perjury followed. At the time of the final trial her husband, Shoemaker, had left her, and was in Canada. It was the theory of the state that at the time of the final trial her mental attitude toward her former husband, Cherry, had changed; that she desired to shield him; and that her change of testimony was a willful and corrupt perjury.

It is the theory of the plaintiff in error that, in the light of information coming to the witness as to the whereabouts of Cherry on the night in question, and from being informed that it was not the voice of Cherry she heard at the time of the shooting, she had honestly become uncertain as to her identification of Cherry; that the only change in fact was from her testimony of positive identification to a less positive identification or statement that she believed the person identified was Cherry, though she might be mistaken; and that it was an honest attempt to correct or qualify her former testimony.

Several assignments of error are presented in the able brief of the plaintiff in error. Among them, error of the court in admitting evidence of the testimony of the plaintiff in error other than set out in the information as a basis for the charge of perjury. Error of the court in its instructions and that the verdict in said cause is contrary to the law and the evidence.

From our examination of the briefs and the record, we believe that a consideration of the last assignments will dispose of the case. In the trial of this case the evidence is to the effect that the plaintiff in error testified on the final trial of Cherry in substance as alleged in the information; the transcript of her evidence being introduced in proof thereof. There was also introduced a transcript of the evidence of the plaintiff in error at the preliminary hearing of Cherry, and also a transcript of an unsworn statement made by the plaintiff in error

taken before the county attorney, in substance the same as her testimony at the preliminary. The plaintiff in error testified in her own behalf and explained her change of testimony. Her explanation is not entirely satisfactory and yet it is not unreasonable.

Analyzing the record, there is no proof of the falsity of the testimony of the plaintiff in error on the trial of Cherry, on which the prosecution is based, except her own testimony given at the preliminary trial in that case, and her unsworn statement to the county attorney and her statement to the sheriff. The main points sought to be proven by her testimony on that trial was that she recognized Cherry at the place and time of the killing of Tally. In the very nature of the case, it is impossible to prove that the plaintiff in error did recognize Cherry at that time, except by her statements, or from the circumstances surrounding the transaction. Such knowledge may be proven by circumstances when the circumstances are sufficient under the law governing circumstantial evidence. Ex parte Metcalf, 8 Okla. Cr. 605, 129 P. 675, 44 L. R. A. (N. S ) 513; 21 R. C. L. 272, 273. Her recognition of Cherry at the time and place was not attempted to be proven on this trial by the circumstances, and proof thereof was probably not possible.

This court has heretofore adhered to the quantitative rule of evidence in perjury cases. In the case of Goltry v. State, 24 Okla. Cr. 127, 216 P. 485, the rule is stated thus:

"No person can be lawfully convicted for perjury on the unsupported testimony of one witness. The charge should be supported by at least two witnesses, or by one witness and corroborating circumstances."

This rule, in different forms, has been followed by the courts generally, and the reason therefor is stated in 21 R. C. L. 272, as follows:

"That the contradictory evidence of one witness alone is never sufficient, as it merely establishes an equilibrium, and therefore additional weight is necessary to turn the proof against the defendant. The corroboration of a single witness for the prosecution must be by proof of independent and material facts and circumstances tending directly to corroborate the testimony of the witness, and must be of a strong character, and not merely corroborative in slight particulars, and it must contradict in positive terms the statement of the accused."

There has been a softening of this rule to some extent by some of the courts in cases where a living witness to the corpus delicti cannot be had. U. S. v. Wood, 14 Pet. 430, 10 L. Ed. 527; Kahn v. U. S., 214 F. 57, 130 C. C. A. 494; Allen v. U. S., 194 F. 668, 114 C. C. A. 357, 39 L. R. A. (N. S.) 385. This case, however, does not fall directly within the terms of the rule as announced, but is a case of sworn statement against sworn statement; that is, her testimony in the final trial against her testimony at the preliminary corroborated by her statements to the county attorney and the sheriff.

The general rule is that the proof of contradictory statements, under oath, by an accused is not sufficient to convict of perjury. Oath nullifies oath, and it is incumbent on the state to prove the falsity of the statement on which the prosecution is based; but in such case the falsity may be proven by the evidence of one witness, or by circumstantial evidence. It may not be proven by additional unsworn statements of accused. 21 R. C. L. 271, states the law in these words:

"A conviction for perjury cannot be sustained merely on the contradictory sworn statements of the defendant, but the state must prove which of the two statements is false, and must show that statement to be false by other evidence than the contradictory statement. This doctrine is based on the modern view of the law which holds that something more must be shown than is shown by the evidence of one witness in order to convict."

In the case of State v. Burns, 120 S. C. 523, 113 S. E. 351, 25 A. L. R. 414, this court holds:

"One cannot be convicted of perjury merely upon his contradictory statement, but the state must show that the statement upon which the prosecution is founded is false by extrinsic evidence."

See, also, in this connection: Smith v. Commonwealth, 180 Ky. 240, 202 S. W. 635, L. R. A. 1918E, 927; People v. McClintic, 193 Mich. 589, 160 N. W. 461, L. R. A. 1917C, 52; Bishop's New Criminal Procedure (2d Ed.) § 931; Billingsley v. State, 49 Tex. Cr. R. 630, 95 S. W. 520, 13 Ann. Cas. 730, Annotations.

While we do not hold that there might not be exceptions to the quantitative rule, yet we believe that, under the record in this case, the state has failed to prove the falsity of the testimony of plaintiff in error upon which the charge of perjury is based, by the quantum of proof required.

The case is reversed.

BESSEY, P. J., and DOYLE, J., concur.