## R. L. M. BLAKEMORE v. STATE.

No. A-6420. Opinion Filed March 24, 1928.
(265 Pac. 152.)

L. A. Wallace and Floyd Wheeler, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

EDWARDS, J.  The plaintiff in error, hereinafter called defendant, was convicted in the district court of Okmulgee county on a charge of perjury and was sentenced to serve a term of 8 years in the state penitentiary.

The record discloses that defendant was called as a witness for the state in a certain prosecution for petit larceny before a justice of the peace.  On being called by the state, he testified that certain automobile casings, the alleged subject of larceny, were taken from an automobile in his possession without his knowledge or consent.  He was later called as a witness for the defendant and then testified that the casings were taken with his knowledge and consent, and that his former testimony was false.  The information charges that the first testimony given by him is false.  It is first contended that the evidence is not sufficient to sustain the verdict and judgment.  An examination of the record discloses that there is no evidence of the falsity of the defendant's testimony other than his own statement.  The state relies on the fact that the defendant testified as alleged and then admitted that this testimony was false.  The defendant in the prosecution before the justice of the peace was not called.  This is not sufficient. This court has several times held that an extrajudicial confession is not alone sufficient to establish the corpus delicti. Shires v. State, 2 Okla. Cr. 89, 99 P. 1100; Frazier v. United States, 2 Okla. Cr. 657, 103 P. 373; Choate v. State, 12 Okla. Cr. 560, 160 P. 34, L. R. A. 1917A, 1287; Henry v. State, 14 Okla. Cr. 189, 169 P. 658; Francis v. State, 16 Okla. Cr. 543, 185 P. 126; Brown v. State, 18 Okla. Cr. 509, 196 P. 967.  See, also, Underhill's Crim. Ev. §§ 240, 241.

The proof on the part of the state is proof only that defendant testified to one state of facts and then testified to a different state of facts.  The rule is well established that a conviction for perjury cannot be had on the contra-

dictory sworn statements of a defendant. The state must allege which of the two statements is false, and then must prove its falsity by sufficient evidence to satisfy the quantitative rule.

In the case of Schwartz v. Com., 27 Grat. (Va.) 1025, 21 Am. Rep. 365, the court held:

On a trial for perjury, evidence simply that the defendant had at one time sworn to one state of facts, and afterwards changed his testimony, and admitted that he had sworn falsely, testified in direct contradiction of his first statement, is not sufficient to justify his conviction. The prosecutor must prove which of the two statements is false, and must corroborate the true statement of the prisoner by independent evidence; i. e., by evidence other than his own statements and declarations.

This court in the case of Shoemaker v. State, 29 Okla. Cr. 184, 233 P. 489, in considering a somewhat similar state of facts held:

"A conviction for perjury cannot be had upon proof alone that accused made contradictory statements under oath. The state must prove by extrinsic evidence that the statement upon which the prosecution is founded is false."

Numerous cases are cited in support of the rule there announced. See People v. McClintic, 193 Mich. 589, 160 N. W. 461, L. R. A. 1917C, 52; State v. Burns, 120 S. C. 523, 113 S. E. 351, 25 A. L. R. 414; Billingsley v. State, 49 Tex. Cr. R. 620, 95 S. W. 520, 13 Ann. Cas. 730; Paytes v. State, 137 Tenn. 129, 191 S. W. 975, L. R. A. 1917C, 954; Smith v. Com., 180 Ky. 240, 202 S. W. 635, L. R. A. 1918E, 927.

Since there is insufficient evidence to satisfy the requirements of the law, the conviction cannot stand.

The case is reversed and remanded.

DOYLE, P. J., and DAVENPORT, J., concur.