## FAY LAKE v. STATE.

No. A-8961. May 15, 1936.
(57 Pac. [2d] 1199.)

Ward & Ward, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty Gen., for the State.

DAVENPORT, J.  The plaintiff in error, hereinafter referred to as the defendant, was convicted of the crime of grand larceny, and sentenced by the court to serve a term of four years in the state penitentiary.

S. J. Lackey, testifying for the state, stated:

"I live about four miles east of Keystone, on the Braden lease; on or about the 7th day of September, 1934, I handled some tubing; the tubing was in the rig and I laid them down some six or eight feet from the rig, which was located about a quarter of a mile from my home; on the 7th or 8th of September, 1934, I heard the noise of a truck in the direction of where the tubing was piled by the rig, and the next morning when I went to the derrick I discovered all the tubing was gone; I saw shoe tracks where they had gone back and forth from where the truck seemed to have stopped to where the tubing was piled; I followed the truck tracks five or six miles through the by-roads, and lost them over this side of Mannford."

D. C. Robnett, testifying for the state, stated:

"I am an employee of the Frisco railroad; I was in the office of the chief of police on the 8th day of November, 1934, when the defendant Fay Lake made and signed the statement admitting he had hauled the pipe away from where it was located."

E. G. Thomas, testifying for the state, stated in substance the same as the witness D. C. Robnett, as to the

statements of the defendant made in their presence, which was reduced to writing by a stenographer. The statement of the defendant as stated by Robnett and Thomas is the only evidence of any kind or character offered by the state to connect the defendant with the larceny of the tubing. The defendant did not testify.

Many errors have been assigned by the defendant. Among others, that the court erred in overruling his motion for a new trial.

After a careful examination of the record, the only question this court finds necessary to consider is the question raised by the defendant on his motion for a directed verdict, on the ground that the evidence is insufficient to sustain a conviction. It is shown by the record that some tubing belonging to the Braden estate was taken from where it had been placed by S. J. Lackey, who testified for the state. No witness testified for the state to show that the defendant was seen in the neighborhood where the tubing was located, or was seen hauling the tubing from its location, nor is there any evidence offered by the state to connect the defendant with the taking except the statement in the nature of an extrajudicial confession taken by the officers Robnett and Thomas.

The defendant, in presenting this question in his brief, insists that the extrajudicial confession claimed by the state to have been made to the officers is not sufficient to prove the corpus delicti, in the absence of any other proof or circumstances tending to connect the defendant with the taking of the tubing.

In Boggess v. State, 46 Okla. Cr. 283, 287 Pac. 764, this court in the third paragraph of the syllabus, said:

"The corpus delicti in criminal cases cannot be established by the confession of the defendant alone; there

must be independent evidence, either direct or circumstantial, of the corpus delicti before a conviction can be had. The evidence of the state is insufficient to establish the corpus delicti, there being no corroboration of the accomplice."

In Blakemore v. State, 39 Okla. Cr. 355, 265 Pac. 152, this court said:

"The corpus delicti in a criminal case cannot be established by the confession of the defendant alone. There must be independent evidence, either direct or circumstantial, of the corpus delicti before a conviction can be had." Choate v. State, 12 Okla. Cr. 560, 160 Pac. 34, L. R. A. 1917A, 1287; Waide v. State, 13 Okla. Cr. 165, 162 Pac. 1139; Mackey v. State, 30 Okla. Cr. 31, 234 Pac. 782; Brown v. State, 18 Okla. Cr. 509, 196 Pac. 967; Mays v. State, 19 Okla. Cr. 102, 197 Pac. 1064, 1065.

This court has many times held that an extrajudicial confession is not sufficient to establish the corpus delicti. There being no evidence except the extrajudicial confession, we hold the evidence is insufficient to satisfy the requirement of the law. The conviction cannot stand. The case is reversed and remanded.

DOYLE, J., concurs. EDWARDS, P. J., absent, not participating.