## McWHORTER v. UNITED STATES.
### No. 13693.

United States Court of Appeals
Fifth Circuit.

Jan. 31, 1952.

W. L. Longshore, Birmingham, Ala., for appellant.

George Huddleston, Jr., Asst. U. S. Atty., John D. Hill, U. S. Atty., Birmingham Ala., for appellee.

Before HOLMES, BORAH, and STRUM, Circuit Judges.

BORAH, Circuit Judge.

This is an appeal from a conviction for perjury. The indictment charged that on

or about October 12, 1950, the defendant, Lola Mildred McWhorter, was duly sworn as a witness before the United States Commissioner for the Northern District of Alabama in a case involving a violation of Title 18, Section 2421, United States Code, and willfully, falsely and knowingly gave testimony material to the issues involved therein, namely, whether one Joseph Ralph Morrow had transported the defendant in interstate commerce for the purpose of prostitution. The indictment set forth that in the course of her testimony before the Commissioner she swore that she had entered into an agreement with Morrow to travel with him from Arab, Alabama to Chattanooga, Tennessee for the purpose of engaging in prostitution in Tennessee; that upon their arrival in Tennessee Morrow made arrangements for her to practice prostitution; and that she did so on one occasion. The indictment further charged that at the time the defendant gave this testimony before the United States Commissioner she knew it was false and perjurious and did not believe it to be true.

At the trial L. D. Redden, an Assistant United States Attorney, testified that he was present at the preliminary hearing before the Commissioner when the defendant was sworn as a witness and that she gave testimony on that occasion as set forth in the indictment. Redden further stated that the defendant appeared as a witness before the United States Grand Jury in April 1951, which was then inquiring into a complaint which charged Morrow with transporting the defendant in interstate commerce for the purpose of prostitution, and that she then swore that she had travelled from Alabama to Tennessee with Morrow on one occasion but that it was not the understanding or agreement between them that she would engage in acts of prostitution and that she did not practice prostitution on this trip. Whereupon she was asked whether she recalled giving testimony to the contrary before the United States Commissioner and she answered that she did recall her previous testimony under oath but that it was false and untrue. A special agent of the Federal Bureau of Investigation was called as a government witness at the perjury trial and swore that he was also present at the preliminary hearing before the United States Commissioner. In so far as here material, this witness merely corroborated Redden as to the defendant's testimony before the Commissioner. The only other witness offered by the prosecution was a member of the Grand Jury who corroborated Redden as to the statements made by defendant at its investigation.

At the close of the government's case the defendant moved for a judgment of acquittal. The motion was overruled and defendant declined to offer any evidence.

The important question presented by this appeal is whether the trial judge erred in overruling the motion for judgment of acquittal.

■ It is the general rule that to authorize a conviction for perjury the falsity of the statement alleged to have been made by the defendant must be established either by the testimony of two independent witnesses, or by one witness and independent corroborating evidence which is inconsistent with the innocence of the accused. United States v. Wood, 14 Pet. 430, 39 U.S. 430, 10 L.Ed. 527; Hammer v. United States, 271 U.S. 620, 46 S.Ct. 603, 70 L.Ed. 1118; Weiler v. United States, 323 U.S. 606, 65 S.Ct. 548, 89 L.Ed. 495; Cook v. United States, 26 App.D.C. 427; Allen v. United States, 4 Cir., 194 F. 664, 39 L.R.A.,N.S., 385; United States v. Buckner, 2 Cir., 118 F.2d 468.

■ It is also generally held by the courts, in cases where the defendant has by opposite oaths affirmed and denied the same fact, that mere proof of the defendant's contradictory sworn statements without more is not sufficient to sustain a conviction for perjury.[1] United States v. Wood, supra, 14 Pet. at pages 438, 441–442, 10 L.Ed. 527; Weiler v. United States, supra; United

1. In the early English cases it was held that where the defendant had by opposite oaths affirmed and denied the same fact, mere proof of the defendant's contradictory statements was sufficient. Rex v. Knill, 5 B. & Ald. 928. But later English cases established the rule that there must be such confirmatory evidence as proved

States v. Mayer, Fed.Cas.No. 15753; Phair v. United States, 3 Cir., 60 F.2d 953; Schwartz v. Commonwealth, 1876, 27 Grat., Va., 1025; State v. Burns, 120 S.C. 523, 113 S.E. 351, 25 A.L.R. 414; Williams v. State, 34 Ala.App. 462, 41 So.2d 605; Shoemaker v. State, 29 Okl.Cr. 184, 233 P. 489; Billingsley v. State, 49 Tex.Cr.R. 620, 95 S.W. 520; Smith v. Commonwealth, 180 Ky. 240, 202 S.W. 635, L.R.A.1918E, 927.

A third situation which has given the courts some concern is where, as here, the subsequent inconsistent or contradictory testimony is accompanied by an admission that the testimony previously given was false. In People v. Burden, 1850, 9 Barb., N.Y., 467, the defendant had made two contradictory statements under oath and in the second he had expressly acknowledged the intentional falsity of the first, and it was held that this acknowledgment was sufficient to establish the perjury of the first without further evidence. However, practically all of the authorities which have had occasion to consider the question have refused to follow People v. Burden, and have held that an admission in the second statement of the falsity of the first will not take the case out of the general rule that a conviction for perjury cannot rest upon the defendant's contradictory statements alone. Schwartz v. Commonwealth, 27 Grat., Va., 1025; State v. Burns, 120 S.C. 523, 113 S.E. 351, 25 A.L.R. 414; Williams v. State, 34 Ala.App. 462, 41 So.2d 605; Blakemore v. State, 39 Okl.Cr. 355, 265 P. 152.

What we have just said is not to be confused with the situation which arises where the defendant takes the stand in the perjury trial and formally recants and asserts under oath the falsity of his prior testimony. In this factual situation the defendant's acts and testimony are to all intents and purposes the same as a plea of guilty to the indictment. United States v. Buckner, 2 Cir., 118 F.2d 468, 469. In the Buckner case the defendant gave testimony before the grand jury that she observed two officers enter certain premises and did not see them leave. As a result of this testimony the police officers were indicted and at their trial the defendant testified that she did not see the officers enter the house and that her testimony before the grand jury was false. Thereafter she was indicted for perjury and at the trial she took the stand in her own behalf and admitted that her testimony before the grand jury had been absolutely false. In its consideration of the case, the court said, "It may be that the proof at the close of the government's case would have been insufficient to justify the verdict of guilty, for the reason that defendant's admission of guilt was given in another action but when she took the stand at the trial for perjury formally recanted and asserted under oath the falsity of her prior testimony, any further proof was surely unnecessary. Her acts and testimony had become the practical equivalent of a plea of guilty."

We are squarely presented with the fact situation which the court in the Buckner case indicated might not be sufficient to sustain a conviction for, here the defendant's admission of the falsity of her prior statement before the Commissioner was made before the Grand Jury and she did not testify at the perjury trail. After mature consideration we have reached the conclusion that the weight of authority and good reasoning support the view that an admission in the second statement of the falsity of the first does not serve to take the case out of the general rule that a conviction for perjury cannot rest merely upon the defendant's contradictory statements under oath. The reason being that it is impossible to tell which statement is true and which statement is false. Certain it is that the confirmatory evidence may not be supplied by the defendant's admission of the falsity of the first oath for the obvious reason that the admission itself may be false. Whenever a witness deliberately asserts a fact to be true to his knowledge and thereafter deliberately asserts the opposite of the fact as true to his knowledge, assuming that there is no question of innocent mis-

---

the falsity of the statement alleged to have been perjured. Regina v. Wheatland, 8 Car. & P. 239, 173 English Reports (Full Reprint) 476; Regina v. Mary Hughes, 1 Car. & K. 519, 174 English Reports (Full Reprint) 919; see 2 Russell on Crimes, p. 651 et seq.

take, the witness thereby indirectly but un-equivocally affirms the falsity of the prior statement. The admission, therefore, adds little if anything to the sum total of evidence that is present in any case where a witness makes two contradictory statements under oath. And as we have pointed out it is the general rule in both the State and federal courts that a conviction for perjury cannot be sustained merely on the contradictory sworn statements of the defendant.

Nor does it matter how many witnesses testified at the perjury trial that they heard the defendant make the contradictory statements for such testimony could not be the equivalent of corroborative proof of the *corpus delicti* of the offense charged. When the courts speak of corroborative evidence they mean *evidence aliunde*—evidence which tends to show the perjury independently. Here, there is nothing to establish which statement is true and which is the false, and it is a clear rule of criminal law that if the evidence on the part of the prosecution leaves it wholly uncertain whether the crime charged has been committed or not, the defendant must be acquitted. Accordingly, we are of opinion that the trial court should have granted the motion for judgment of acquittal as requested.

The judgment of conviction may not stand and is reversed.