# Bradford *v*. The State.

## *Indictment for Perjury.*

1. *Perjury; sufficiency of indictment.*—An indictment for perjury which is in the Code form, except in the averment designating the character of the proceedings in which the oath was taken, and in this averment it is charged that on the trial of the defendant "in the county court of St. Clair county, in a prosecution upon a charge of failing or refusing to work on the public road after legal notice," he testified to certain facts, etc., is a valid and sufficient indictment.

2. *Indictment for perjury; when no variance shown to exist.*—On a trial under an indictment for perjury, which charges that the defendant, on his trial under a prosecution for failing or refusing to work on the public road, "falsely swore that on a certain morning being the time or day when he had been warned to work the public road, he, the said Jim Bradford, was sick and unable to work the road, or go to the road to work, that he did not get up from bed until nine or ten o'clock, and that the reason he did not get up from bed sooner and go to the road was that he was sick," there is no variance between the allegations of the indictment and the evidence offered upon the trial, upon the grounds that the indictment charges Jim Bradford, on his examination as a witness on the trial of said Jim Bradford, falsely swore, etc., whereas the affidavit upon which the trial was had in the county court, shows that "James Bradford" was the name of the party on trial; the evidence fully identifying the defendant in the present case as the person who was on trial in the county court.

3. *Same; same.*—In such a case, there is no variance between the allegations of the indictment and the evidence offered upon the trial, upon the ground that on the trial before the county court he swore that he was unable to work the road on account of suffering from an injury to his back, which hurt confined him to his house and prevented his working the road.

4. *Same; admissibility of evidence.*—On a trial under an indictment for perjury, evidence tending to show the falsity of the defendant's testimony as given on a former trial, is competent and admissible.

[Bradford v. The State.]

APPEAL from the Circuit Court of St. Clair.
Tried before the Hon. JOHN PELHAM.

The appellant in this case was tried and convicted under the following indictment: "The grand jury of said county charge that before the finding of this indictment that Jim Bradford, on his examination as a witness duly sworn to testify on the trial of the said Jim Bradford in the county court of St. Clair county under a prosecution upon a charge of failing or refusing to work on the public road after legal notice, which said court had authority to administer such oath, falsely swore that on a certain morning, being the time or day when he had been warned to work the public road, he, the said Jim Bradford, was sick and unable to work the road or to go to the road to work, that he did not get up from bed until nine or ten o'clock ( and that the reason he did not get up from bed sooner and go to the road was that he was sick, the matters so sworn to being material and the testimony of the said Jim Bradford being willfully and corruptly false, against the peace and dignity of the State of Alabama."

There was evidence introduced for the State tending to show that the defendant was guilty as charged. The State introduced Mrs. McCormack, who testified that she was the wife of Will McCormack who worked on the road the day the defendant was summoned to work on the road and failed to go; that on said day, when the defendant failed to work the road, between seven and eight o'clock in the morning, she saw the defendant take her husband's mule off, and he did not return until about two o'clock; that she did not see anything about the defendant that indicated that he was sick or unable to work; that she judged of the time of day where the defendant got her husband's mule by the fact that it was only about a half hour after her husband had gone to work on the road. The defendant moved the court to exclude the evidence of this witness from the jury upon the ground that it was illegal, irrelevant and incompetent. The court overruled the motion, and the defendant duly excepted. The other facts of the case are sufficiently stated in the opinion.

[Bradford v. The State.]

SMITH & HERRING, for appellant.—The indictment in this case was insufficient and would not support a conviction.—*Davis v. State,* 79 Ala. 20; *Jacobs v. State,* 61 Ala. 448; *McMurray v. State,* 6 Ala. 324; *Williams v. State,* 68 Ala. 551; *Rivers v. State,* 97 Ala. 72; *Collins v. State,* 78 Ala. 433; *Urquhart v. State,* 103 Ala. 90; *Howard v. State,* 121 Ala. 21.

There was a fatal variance in the indictment and the evidence.—*McClerkin v. State,* 105 Ala. 107; *Walker v. State,* 96 Ala. 63; *Jacobs v. State,* 61 Ala. 448.

CHAS. G. BROWN, Attorney-General, for the State, cited 2 McClain's Cr. Law, § 862; *Ib.* 87-88, § 865; *Williams v. State,* 68 Ala. 551; *Hicks v. State,* 86 Ala. 32; *Com. v. Grant,* 116 Mass. 17.

TYSON, J.—The indictment is in the Code form except in the averment designating the character of the proceeding in which the oath was taken.—Form 67, page 333 of Crim. Code. And as to the proceeding with which the false oath is connected, it is sufficient to state its substance.—Crim. Code, § 5199. The averment in the indictment in respect of the matter of proceeding in which the alleged false oath is connected is as follows: "On the trial of the said Jim Bradford in the county court of St. Clair county under a prosecution upon a charge of failing or refusing to work on the public road after legal notice," etc. The point taken is there is no such offense known "as failing or refusing to work on the public road after legal notice," and that a prosecution and trial founded upon an affidavit designating an offense in this language, would be void and therefore an indictment for perjury predicated upon the testimony given in such a proceeding cannot be sustained for the reason that the oath administered to defendant as a witness on that trial was unauthorized by law. The point would undoubtedly be well taken if the affidavit upon which the case was tried by the county court alleged no offense.—*Collins v. The State,* 78 Ala. 433. But the language quoted above did sufficiently designate and, therefore, sufficiently charge an offense.—§ 5392 of Crim. Code; *Brown v. The State,* 63 Ala. 97;

*Brown v. The State,* 109 Ala. 86; *Spear v. The State,* 120 Ala. 351; *Adams v. Coe,* 123 Ala. 664; *Williams v. The State,* 68 Ala. 551.

The next contention is that there was a variance between the allegations of the indictment as to the proceedings in the county court and the evidence offered upon the trial. This contention is based upon two considerations. The first of these is that the indictment charges that Jim Bradford on his examination as a witness, etc., on the trial of said *Jim* Bradford, in the county court, etc., falsely swore, etc., whereas the affidavit upon which the trial was had in the county court shows that James Bradford was the name of the party on trial. The evidence fully identifies the defendant in this case as the person who was tried in the county court and as the same person who testified in his own behalf in that court. Clearly there is no variance here.

The next is, the indictment charges that defendant as a witness upon the trial in the county court, "falsely swore that on a certain morning, being a time or day when he had been warned to work the public road, he, the said Jim Bradford, was sick and unable to work the road or to go to the road to work; that he did not get up from bed until nine or ten o'clock and that the reason he did not get up from bed sooner and go to the road was that he was sick." It must be conceded that the witness who testified to what Bradford swore in the county court did not use the word sick. But he did say that Bradford swore that he was unable to work the road on account of suffering from an injury to his back which he received, etc., etc., which hurt confined him to his house the day preceding he was to work on the road and to his bed until between nine and ten o'clock on the morning of the day he was to work. Again we must hold there was no variance here; nor a failure to prove the material assignment of perjury alleged in the indictment that defendant was sick, etc. The inference was clearly afforded by the evidence for the jury to conclude that he swore he was sick as alleged in the indictment. The State was not bound to prove

[Crittenden v. The State.]

what the defendant swore orally as a witness in the county court *ipsissimis verbis;* it was sufficient to prove substantially what he said.—*Taylor v. The State,* 48 Ala. 157. Furthermore, the State was not bound to prove every assignment of perjury laid in the indictment. Proof of any one or more of them is sufficient. *Smith v. The State,* 103 Ala. 57.

The admission of the testimony of Mrs. McCormack was clearly proper as tending to show the falsity of defendant's testimony in the county court.

Since there was evidence tending to support every material averment of the indictment, the affirmative charge requested by defendant was correctly refused.

What we have said disposes of all the errors insisted upon by counsel. We have, however, examined the other matters to which exceptions were reserved and find no error in the rulings of the court.

Affirmed.