# Johnson *v.* The State.

## *Perjury.*

(Decided Jan. 18, 1912. 57 South. 389.)

1. *Trial; Plea to Indictment; Effect.*—Where defendant has pleaded not guilty and gone to trial on indictment without raising any objection thereto, he cannot on appeal, raise the objection that the indictment was uncertain.

2. *Perjury; Indictment; Sufficiency.*—An indictment for perjury charging that the defendant, on an application to set aside a default judgment in a civil case and being duly sworn by the clerk of the court, who had authority to administer oath, falsely swore that he was taken ill and unable to appear, is in substantial compliance with form 82, section 7161, Code 1907, and is sufficient.

3. *Same; Evidence.*—Where the indictment charged false swearing in an application to have a judgment by default in a civil suit set aside, the affidavit made by the defendant in order to have the default set aside is admissible.

4. *Charge of Court; Construction; Exception.*—Where the charge contains several propositions at law, some of which are correctly stated, exception to the charge as a whole cannot be sustained, although some of the propositions are incorrectly stated.

APPEAL from Montgomery City Court.

Heard before Hon. ARMSTEAD BROWN.

Calvin Johnson was convicted of perjury, and he appeals. Affirmed.

The indictment is as follows, omitting the formal charging part: "Calvin Johnson, on an application to set aside a judgment in a civil action in the city court of Montgomery, in which Sampson Wood and Lucinda Wood were plaintiffs, and the said Calvin Johnson the defendant, being duly sworn by the clerk of said court, who had authority to administer such oath, falsely swore that on June 3rd last, while on a train en route to Atlanta, he was taken so ill that he required the attention of a physician; that he reached Montgomery on Saturday night, and went at once to where he

[Johnson v. The State.]

resides, about one mile beyond Picket Springs, and went
to bed, and was confined to his bed continuously until
June 9th; that he was in a painful condition; that he
was not able to think about inquiring of his attorney
relative to his case—the matters so sworn to being ma-
terial, and the oath of said Calvin Johnson in relation
to such matters being willfully and corruptly false."
The affidavit introduced was an affidavit in support
of a motion to set aside judgment by default and grant
the defendant therein a new trial.

The oral charge of the court is set out in full in the
transcript, and the following portions were excepted
to: "Now, it is admitted by the defendant that he did
swear falsely in that affidavit with regard to coming
home on Saturday night. The court does not think it
material whether he came home Saturday morning or
not; so that part of the affidavit, so far as constitutes a
crime is concerned, I charge you is not sufficient. It is
admissible in evidence, gentlemen, as contended for by
the solicitor, who does not contend for anything, except
what is material in this affidavit. It is admissible in
evidence in this view of the case, for you are to deter-
mine whether or not defendant did swear falsely in re-
gard to the material parts of the affidavit. For what-
ever light it may shed on the case, the whole affidavit
is admissible in evidence, and goes to you, and you may
consider the whole affidavit. But gentlemen, the ma-
terial part of the affidavit is this—that part of it which
swears that he was too sick at the time this case was
set, and when the judgment was taken against him, to
come to court. He swears that he was too sick, in that
affidavit—that is material—if he was too sick, that
judgment ought not to have been taken against him,
and was a good ground for a motion. Was that sworn
falsely? That is the question for you to determine."

WARREN S. REESE, HILL, HILL & WHITING, and H. B. FULLER, for appellant. The indictment was insufficient and uncertain in its averments.—*State v. Chandler,,* 42 Ala. 446; *Hood v. The State,* 44 Ala. 81; *Gilmer v. Lee,* 3 Ala. 612; *Jacobs v. The State,* 61 Ala. 454; *Walker v. The State,* 96 Ala. 54; *Englehart v. The State,* 103 Ala. 90. A motion for a new trial need not be in writing, but may rest in parol, and hence, could not be the foundation of a prosecution for perjury.—*Monteagle v. Livingston,* 150 Ala. 562. The oral charge of the court was in violation of section 5252 of the Code, and had other defects.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The indictment set forth sufficiently the ingredients of the offense of perjury.—*Williams v. The State,* 64 Ala. 551; *Peterson v. The State,* 74 Ala. 34; *Davis v. The State,* 79 Ala. 20; *Hix v. The State,* 86 Ala. 30; *Barnett v. The State,* 89 Ala. 165; *Smith v. The State,* 103 Ala. 57. The original motion and affidavit was admissible. —*Smith v. The State,* 103 Ala. 57. Parts of the oral charge were correct at least, and objection was taken to it as a whole, and hence, is not available.

WALKER, P. J.—The defendant did not in the trial court, by demurrer, motion to quash, or otherwise, raise any question as to the sufficiency of the indictment. Having pleaded not guilty and gone to trial on the indictment without interposing any objection to it, the objections, now for the first time suggested to it, going merely to the question of its being sufficiently definite and specific in its averments descriptive of the proceedings in which the alleged perjury is charged to have been committed, are, on appeal, to be treated

as having been waived.—*Wilson v. State,* 128 Ala. 17,. 29 South. 569; *Oakley v. State,* 135 Ala. 15, 33 South. 23. But it may be added that the indictment substantially follows the form given in the Code for an indictment for perjury committed in a civil proceeding (Code,. §7161, form 82) ; and that its averments conform to the requirements of the law as decided in many cases.— *Barnett v. State,* 96 Ala. 165, 7 South. 414; *Walker v. State,* 96 Ala. 53, 11 South. 401; *Smith v. State,* 103. Ala. 57, 15 South. 866; *Bradford v. State,* 134 Ala. 141,. 32 South. 742.

There was no merit in the objection made to the introduction in evidence of the affidavit signed and sworn to by the defendant. The evidence showed that it was made and used in the proceeding mentioned in the indictment, and there was no lack of correspondence between this evidence and the averments of the indictment.—*Williams v. State,* 68 Ala. 551; *Bradford v. State,* 134 Ala. 141, 32 South. 742.

The part of the court's oral charge to which an exception was reserved embodied several distinct propositions, some of which, at least, were distinctly favorable to the defendant, and the giving of those propositions in charge could not have constituted a valid ground of objection or exception by him. As to one or more other propositions contained in that part of the charge, it was plainly not subject to criticism. The exception having been reserved to the part of the charge set out as a whole, it cannot be sustained, even though it be conceded that it embodied a legally incorrect proposition, which was not separately excepted to.

Affirmed.