## STATE v. BINKLEY.

### Opinion delivered April 3, 1916.

1.   EVIDENCE—CRIMINAL TRIAL—CONTRADICTORY STATEMENTS OF ACCUSED MADE AT ANOTHER TRIAL.—Accused was indicted for perjury in that at the trial of one L. for gaming he had testified that upon a certain occasion L. was not present. *Held,* evidence of accused's testimony at the trial of one Z. for gaming that L. was present was admissible, the same being competent to be considered by the jury in passing upon the issue as to the truth or falsity of the testimony which was alleged in the indictment to have been false.

2.   APPEAL AND ERROR—CRIMINAL CASE — ACQUITTAL — DECLARATION OF ERROR COMMITTED.—Where defendant, in a criminal trial, was acquitted, upon appeal by the State, the cause can not be remanded for a new trial; but as the State may appeal in order to obtain the decision of this court, the court will declare any error committed by the trial court in the proceedings below.

Appeal from Clay Circuit Court, Eastern District; *J. F. Gautney,* Judge; error declared.

*Wallace Davis,* Attorney General and *Hamilton Moses,* Assistant, for appellant. *M. P. Huddleston,* of counsel.

The court erred in excluding the testimony of Squire H. T. Hill.  88 Ark. 115; 53 *Id.* 395; 54 *Id.* 604; 2 Bishop New Crim. Law, § § 931, 1044; 21 Am. Rep. 365.

McCULLOCH, C. J. The defendant, Barney Binkley, was indicted on the charge of perjury, alleged to have been committed by giving false testimony in the trial, before a justice of the peace, of one Langford, who was accused of gaming. On trial of this case the defendant was acquitted, but the State obtained an appeal for the purpose of testing the correctness of a ruling of the court in refusing to admit certain evidence offered by the State.

It is undisputed that the defendant gave the testimony set forth in the indictment, but there is a conflict as to whether it was true or false. The defendant testified that he was present at the time and place when the parties mentioned in the original charge were gaming, and that Langford was not in the game. He testified that one Zolliman, among others, was present and was engaged at gaming with the other parties. It seems that Zolliman had been tried before another justice of the peace and acquitted, and that at that trial the defendant Binkley testified that Zolliman was not present but that Langford was present and participated in the game. In the trial of the present case the State offered to prove the contradictory testimony of the defendant given at the trial of Zolliman, but the court refused to admit it.

(1) The testimony was competent and should have been admitted, for it constituted a contradictory statement of the defendant and an admission by him that his testimony given at the Langford trial was false. The falsity of the testimony could not be established by contradictory statements alone, or by admissions of the defendant, but his statement was competent testimony to be considered by the jury in passing upon the issue as to the truth or falsity of the testimony which was alleged in the indictment to have been false. *Grissom* v. *State*, 88 Ark. 115; 2 Bishop New Criminal Law, § 1044.

(2) The defendant having been acquitted of the charge, which was a felony, the case cannot be remanded for a new trial; but as the State was entitled to an appeal in order to obtain the decision of this court,

the law is declared to be that said testimony was competent and that the court erred in excluding it.