## McGuire v. State.

### Opinion delivered May 31, 1926.

1. PERJURY—SUFFICIENCY OF EVIDENCE.—A conviction of perjury cannot be had merely upon the contradictory statements of the accused, even though made under oath.

2. PERJURY—SUFFICIENCY OF EVIDENCE.—In a prosecution for perjury in testifying on the trial of another that liquor was not sold to accused by defendant therein, it being shown that accused testified that the wife of such defendant had delivered liquor to him and that accused had previously sworn that defendant sold him the liquor, testimony of the wife that she had not done so *held* not a corroboration of alleged perjury in stating that defendant had not sold liquor.

Appeal from Pulaski Circuit Court, First Division; *John W. Wade,* Judge; reversed.

*W. A. Boyd,* for appellant.

*H. W. Applegate,* Attorney General, and *Darden Moose,* Assistant, for appellee.

McCulloch, C. J. Appellant was tried below on an indictment charging him with the crime of perjury, in giving false testimony in the trial of Will Moore on the charge of selling intoxicating liquor. The false testimony set forth in the indictment was that appellant went to the home of Will Moore, in the city of North Little Rock, to obtain a half-pint of liquor, but that "the said Will Moore did not at any time hand or deliver to him any

liquor for himself or any one else." On the trial of the case the State, after proving by the court stenographer the testimony of appellant in the trial of Will Moore, introduced the reporter, or stenographer, of the grand jury which investigated the charge against Will Moore and returned the indictment, and the reporter testified from his notes concerning the statements of appellant before the grand jury, and it was thus shown that appellant testified before the grand jury that, at the request of one Arnold, he went to the home of Will Moore, in North Little Rock, to obtain one pint of whiskey, and that Moore sold him the whiskey and delivered it to him at the latter's home. The State also introduced a police officer who arrested appellant on the street and took from him a bottle of whiskey, and the officer testified that appellant stated that he had purchased it from Will Moore at the latter's home. Another witness also testified that appellant stated that he had purchased liquor from Will Moore at the latter's home. In the stenographer's transcript of the testimony of appellant in the Will Moore trial there appears a statement of appellant to the effect that the whiskey was delivered to him at Will Moore's home by the latter's wife. On the trial of this case the State introduced Moore's wife, who testified that appellant had not been to her home that day, and that she had not had any conversation with him. This was all the testimony introduced in the case.

It is insisted by counsel for appellant that the evidence is not sufficient to sustain the conviction, for the reason that there is no testimony except the contradictory statements of appellant. This contention is sound, and calls for a reversal of the judgment. There were two contradictory sworn statements made by appellant—one before the grand jury and the other before the trial jury in the case of *State* v. *Moore,* the last mentioned testimony being that charged in the indictment to be false. There was also proof of two other contradictory statements of appellant not made under oath.

This court announced the rule in *State* v. *Binkley,* 123 Ark. 240, that in a prosecution for perjury the falsity of the testimony cannot be established by contradictory statements alone or by admissions of the defendant, but that his statements were competent to be considered by the jury in passing upon the issue as to the truth or falsity of the testimony alleged in the indictment to be false.   The rule seems to be firmly established that a conviction cannot be had merely upon contradictory statements of the accused, even though such statements were under oath.   3 Bishop's New Crim. Procedure, § 931; 2 McClain on Criminal Law, § 891; 21 R. C. L., 271; *People* v. *McClintock,* 193 Mich. 589.   In Bishop's Criminal Procedure (§ 931) the rule is stated as follows: "Where, on different occasions, the defendant has sworn both in affirmation and denial of the same thing, oath nullifies oath; and the rule that the testimony of one witness will not authorize a conviction does not apply.   The further doctrine as to the effect of his contradictory statements, whether made on oath or not, is that in neither case are they alone a sufficient foundation for a conviction for perjury."   The doctrine is stated in McClain on Criminal Law (§ 891) as follows: "Proof that accused has given contradictory testimony under oath at a different times will not be sufficient to establish the falsity of the testimony charged as perjury, for this would leave simply one oath of the defendant as against another, and it would not appear that the testimony charged was false rather than the testimony contradictory thereof.   The two statements will simply neutralize each other; there must be some corroboration of the contradictory testimony.   Such corroboration, however, may be furnished by evidence *aliunde* tending to show the perjury independently of the declarations or testimony of the accused."

There is no corroboration of the testimony concerning appellant's contradictory statements.   Moore's wife testified that appellant did not come to her home and that she did not see him on the day the liquor was said to have been purchased, but this testimony merely served

as a contradiction of appellant's testimony in the trial of Will Moore to the effect that he had bought the liquor from Moore's wife, and it did not constitute substantive proof that appellant bought liquor from Will Moore, hence it did not tend to show the falsity of appellant's testimony with regard to the particular statement charged in the indictment. The charge in the indictment is that the testimony is false in stating that appellant did not purchase the liquor from Will Moore. The testimony of Moore's wife shows that appellant did not purchase the liquor from her, but it does not tend to show that appellant purchased the liquor from her husband, Will Moore.

The testimony being insufficient, the judgment must be reversed, and it is so ordered, and the case will be remanded for a new trial.