155 So. 882

## RILEY v. STATE.
### 8 Div. 931.

Court of Appeals of Alabama.
June 27; 1934.

Bradshaw & Barnett, of Florence, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The indictment in this case contained three counts, charging this appellant with the offense of perjury. The indictment appears to be in the form prescribed by section 4556, of the Code 1923, which has been held to be sufficient. Johnson v. State, 3 Ala. App. 98, 57 So. 389; Lawley v. State, 3 Ala. App. 670, 57 So. 96; Maddox v. State, 2 Ala. App. 244, 57 So. 95. The demurrer to the indictment was properly overruled.

The alleged false swearing complained of occurred, as insisted by the state, on the trial of the case of State v. Riley (this appellant), wherein he was charged by affidavit with the offense of violating the state prohibition law, by having prohibited liquor in his possession. The prosecution for said offense was begun, and the trial had, in the law and equity court of Lauderdale county. The record shows there were two trials of that case in said court; the first resulted in a mistrial, on February 15, 1932, and the second trial, which was held on May 6, 1932, resulted in a jury and verdict of not guilty. The record also shows, "The State then on motion of defendant elected to try the defendant as to testimony given February 15, 1932."

Count 1 of the indictment, omitting the formal parts, alleged and charged that he falsely swore: "That the doctor had been at his house, that is, the house of the said Wiley Riley on the morning of the day he was caught on the alleged charge of violating the prohibition law, and the said doctor had used alcohol in performing a miscarriage on his wife and in the presence of his wife and two other women, on said date, told Wiley Riley that he poured alcohol into a bucket which was in the said Wiley Riley's house."

The second count charged and alleged, omitting formal parts, that he falsely swore: "That the doctor had been at his house, that is, the house of the said Wiley Riley on the morning of the day he was caught on the alleged charge of violating the prohibition law, and the said doctor had used alcohol in performing a miscarriage on his wife and in the presence of his wife and two other women, on said date, told Wiley Riley that he poured alcohol into a bucket which was in the said Wiley Riley's house. And that he, the said Wiley Riley, did not know anything about any alcohol being in the bucket or slop jar more than the doctor poured in, and that he, the said Wiley Riley, did not pour any liquor out of a bottle or jug, or anything else on the day the officers were there, and that he did not have any liquor on that occasion."

The third count alleged and charged, omitting as before the formal parts, that he falsely swore: "That on the morning of the day he was arrested, or caught on the alleged charge of violating the prohibition law, that he did not know anything about any alcohol being in the bucket or slop jar at his house, more than the doctor poured in and that he, the said Wiley Riley did not pour any liquor out of a bottle or jug, or anything at all, on the day the officers were there, and that he did not have any liquor on that occasion, but that on said morning the doctor had been at his house and had used alcohol in performing a miscarriage on his wife and that, in the presence of his wife and two other women, on said date, the said doctor told him that he poured alcohol into the bucket which was in said Wiley Riley's house."

As will be noted, the offense complained of in the indictment is the false swearing by this appellant as to the alleged statement contained in the three counts of the indictment, and it was incumbent upon the state to show (1) that on the trial of the original case, that is to say, on the trial of the case against this appellant in the law and equity court of Lauderdale county, on February 15, 1932, wherein he was being tried as hereinabove set out, he swore to the statements alleged in the indictment; and (2) that said statements were willfully and corruptly false. There appears no controversy as to the witness (appellant) having been duly and legally sworn on that trial.

The allegations in the indictment, coupled with the plea of not guilty by the defendant, formed the issue of fact to be tried and determined on the trial of this case wherein he was charged with perjury. Under the elementary rules of evidence, the testimony on this trial should have been confined to the issues of fact, as stated, and testimony of other evidence and incidents of the main trial had no place upon the trial of this perjury case. All such evidence was inadmissible, illegal, incompetent, and irrelevant. In other words, on the trial of the case from the judgment of which this appeal was taken, the burden resting upon the state was to prove by its evidence, under the required rules, the allegations of the indictment only, and should not have been allowed over proper objections

and exceptions to in effect retry the original or main case.

In a prosecution for perjury, the giving of the alleged false testimony, by the accused, may be proven by witnesses who heard it; but, before such testimony can be competent, it must first appear that such witness not only heard it, but has an independent recollection of the substance thereof. If the witness made a written memorandum of the alleged false testimony at the time it was given, such witness may refer to the memorandum to refresh his recollection; after so doing, the witness may then be permitted to state he now has an independent recollection of the substance of the alleged false statements under inquiry, and may then be permitted to testify as to such statements made by the accused at the time and place, when and where, made.

One of the fundamental rules of the criminal law is that the indictment must, with sufficient certainty, point out to the defendant in a perjury case substantially the words which are alleged to have been falsely spoken. While it is not necessary for the evidence to be in the exact words of the language used in the indictment, yet it is necessary that the language used in the indictment and that proven upon the trial must be substantially the same. Bishop's New Criminal Procedure, vol. 2, § 916. As stated, the evidence should be confined to the averments in the indictment. Foreign or extrinsic matters should not be allowed in evidence. Such evidence, in many cases, might and probably would have the tendency, when considered by the jury, to prejudice the substantial rights of the accused.

Pretermitting the question insisted upon by appellant as to error in the ruling of the court in permitting witness Lyda Mae Poore to testify in the manner shown by the record as to the alleged false statements of the accused, we must hold it was error to allow said witness to read from her written memorandum the entire evidence of the accused given upon the trial of the case against him in the law and equity court on February 15, 1932. The evidence of this witness should have been limited, if allowed at all, to the specific averments in the indictment.

In the case of Woods v. Postal Telegraph Cable Company, 205 Ala. 236, 87 So. 681, 686, 27 A. L. R. 834, our Supreme Court said:

"On the former trial of the case in the inferior court, defendant's witness Bromberg had testified, and his testimony was taken down by a stenographer who made a transcript thereof. Plaintiff asked the Presiding Judge Leyden if that testimony, as read by him several days later, was in there substantially as Bromberg delivered it on the stand. Objection to this being sustained, plaintiff offered to prove by Judge Leyden that said report was substantially correct, and offered the report in connection with Leyden's testimony. Objection to this was also sustained.

"The stenographer's report of Bromberg's testimony was but hearsay, and was not admissible in evidence. The questions to the witness Leyden called for merely an affirmation that the stenographer's statement was correct—a form of double hearsay. It was competent for any witness who heard Bromberg's former testimony to state what it was, but only such portions of it were here admissible as tended to contradict his present testimony."

In the case of Deal et al. v. Hubert et al., 209 Ala. 18, 95 So. 349, 350, our Supreme Court said:

"The witness then read from the book a lengthy and detailed narrative of the survey, as carried on by Crawford, and including some explanations and commentaries of his own, defendant objecting separately to the several paragraphs as read.

"A written memorandum, though made by the witness himself at the time of the occurrence of the transactions recorded, does not become evidence, and hence cannot be read to the jury, unless the witness testifies, after consulting the memorandum, that he then has no independent recollection of the matters recorded, but that he nevertheless, at or about the time he made the memorandum, knew the facts, and knew that it was a true and correct statement of the matters recited. * * *

"No such showing was made, and we are constrained to hold that the witness was improperly permitted to read his written narrative to the jury in the manner shown by the bill of exceptions. It may have been that the witness had an independent recollection of some of the facts recited, but not of others. If so, the memorandum should be used with appropriate discrimination as to these two classes of facts. We hardly need observe that to read a memorandum to the jury is, in fact, and in legal effect, to use the memorandum as evidence, a practice which is not permissible except under the conditions above stated."

This is cited with approval in the case of Mitchell v. State, 22 Ala. App. 300, 115 So. 149.

█ It was error, also, to permit witness E. L. McConnell to testify to what another person, one Kernachan, had told him. This was hearsay, pure and simple, as the record clearly discloses.

Other questions insisted upon need not be discussed. For the errors indicated, the judgment of conviction from which this appeal was taken is reversed, and the cause remanded.

Reversed and remanded.