41 So.2d 605

## WILLIAMS v. STATE.
### 6 Div. 809.

Court of Appeals of Alabama.
May 17, 1949.

Rehearing Denied·June 7, 1949.

Jas. McCollum, of Tuscaloosa, for appellant.

A. A. Carmichael, Atty. Gen., and L. E. Barton, Asst. Atty. Gen., for the State

CARR, Judge

This appeal is predicated on a conviction below of perjury. Title 14, Sec. 375, Code 1940.

■ The indictment was drawn in single .count and follows the current code form, No. 84 of Title 15, Sec. 259, Code 1940. It was sufficient as against the demurrers interposed. Riley v. State, 26 Ala.App. 203, 155 So. 882; Bradford v. State, 134 Ala. 141, 32 So. 742.

The husband of the accused was indicted and tried for murder. The substance of the instant indictment is that the defendant testified at the first trial of her husband as follows: "I never did go to where John Plumer was killed. I did not see John Plumer the day he was killed, my son did not see him that day. I did not kill John Plumer and my son did not kill John Plumer. I did not know where the Negro was killed. I did not know John Plumer and I would not have known him if I had seen him."

After a mistrial her husband was again tried. At the latter trial the appellant again testified and gave testimony in direct conflict with that above quoted. In brief, she stated that she and her son picked up the deceased on the morning of the killing; that they solicited the decedent to get some whiskey; that they went with him to the place where he was killed; and that in fact her son, and not her husband, killed the deceased, John Plumer. When interrogated with reference to this aspect of her testimony on the former trial, the appellant stated: "It ain't a fact."

In an effort to make out its case in the proceeding at bar, the State called the official court reporter and a deputy sheriff. The former reported the testimony at both murder trials, and the latter was in attendance at court sessions and heard the evidence given by the appellant. Both witnesses testified that the accused made the statements which we have indicated. In short, the State relied on proof of these two contradictory sworn statements without any evidence to show that the testimony alleged in the indictment was false.

When the State had rested, the appellant moved for a directed verdict and her discharge. The motion was denied and no further evidence was presented. The court also refused the general affirmative charge in appellant's behalf.

The question for our review is obvious.

■ The applicable general rule is found in 48 C.J., Perjury, Sec. 166, p. 900: "A

statement of accused, directly contradicting that upon which the perjury is assigned, is not sufficient evidence of the falsity of the latter, but other additional extrinsic evidence is necessary to establish its falsity." See also, 41 Am.Jur., Perjury, Sec. 66, p. 36.

■ In the instant case it was incumbent on the State to convince the jury by the measure of proof required in criminal prosecutions that on the first trial of her husband the appellant's testimony was wilfully and corruptly false as to the material matters alleged in the indictment on which the perjury proceedings were based. The law demands that this be established by the testimony of more than one witness, or one with strong corroboration. Capps v. State, 29 Ala.App. 192, 194 So. 689; Knight v. State, 30 Ala.App. 97, 1 So.2d 668.

■ Proof of the contradictory statements deposed by the accused on the second trial was admissible as a circumstance affecting the falsity of the evidence on the first trial. However, it mattered not how many witnesses testified to these facts, it could not be the equivalent of corroborative proof of the corpus delicti of the offense charged in the indictment. 48 C.J., Perjury, Sec. 174, p. 905.

■ In 41 Am.Jur., Perjury, Sec. 69, **p.** 38, the rule is stated: "Although proof of a contradictory statement of the accused concerning the matter in issue is not alone sufficient to sustain conviction for perjury, the rule is well established, without a decision to the contrary, that proof that one accused of perjury made statements which conflict with the statement upon which the perjury is founded is sufficient corroboration of a single witness, so as to warrant a conviction. This seems to be true whether or not the contradictory statements proved were under oath, and whether they were spoken or were contained in a writing."

This doctrine was adopted by our court in Wofford v. State, 21 Ala.App. 521, 109 So. 886.

In the manner in which the proceedings were had in the case at bar, the jury was of necessity left to the task of determining which of the two indicated statements was wilfully and corruptly false. This despite the fact that the burden was on the State to establish this proof in respect to the statement at the first murder trial.

A very similar situation was reviewed by the Supreme Court in Peterson v. State, 74 Ala. 34.

The assistant attorney general ably argues in brief that we have a situation which is not controlled or influenced by the general rule because the falsity of the first statement was expressly acknowledged or confessed by the accused. In support of his position he cites the very old case of People v. Burden, 1850, 9 Barb., N.Y., 467.

The annotator in the case of People v. McClintic, L.R.A.1917C, 59, refers to People v. Burden, supra, as "the only American case holding contrary to the general rule."

It is also criticised by the Virginia court in Schwartz v. Commonwealth, 27 Grat., Va., 1025, 21 Am.Rep. 365. The court observed:

"The distinction he seeks to establish is not recognized by any adjudicated case or by any writer on criminal law. Is it possible that the principle is so reversed and is of so little value that the prisoner may be convicted of perjury upon the first merely because, upon a second examination, he admitted the first did not contain the truth? If this be so, the rule laid down that, in case of two conflicting statements, there can be no conviction unless there is corroborative evidence, is not of the slightest value."

The South Carolina Supreme Court in State v. Burns, 120 S.C. 523, 113 S.E. 351, 25 A.L.R. 414, refused to follow the holding in the Burden case. See also, State v. Binkley, 123 Ark. 240, 185 S.W. 279; Billingsley v. State, 49 Tex.Crim.R. 620, 95 S.W. 520, 13 Ann. Cas. 730; Paytes v. State, 137 Tenn. 129, 191 S.W. 975, L.R.A. 1917C, 954; State v. Hayward, 1 Nott & Mc.C., S.C., 546; State v. Hunter, 181 Mo. 316, 80 S.W. 955; Smith v. Commonwealth, 180 Ky. 240, 202 S.W. 635, L.R.A.1918E, 927.

We are unable to reach the conclusion that the insistence the assistant attorney

general makes is sufficiently well grounded in reason and on authority to justify its adoption by this court.

 It follows that the appellant's motion for her discharge should have been granted. Arnold v. State, 30 Ala.App. 115, 2 So.2d 316; Wallace v. State, 16 Ala.App. 85, 75 So. 633; Satterfield v. State, 24 Ala. App. 257, 134 So. 30; Underwood v. State, 33 Ala.App. 314, 33 So.2d 379.

The record presents other questions for our consideration. The view we have herein declared obviates the necessity of any treatment of these matters.

The judgment of the court below is ordered reversed and the cause is remanded.

Reversed and remanded.

BRICKEN, P. J., not sitting.