337 So.2d 381 (1976)
In re Jackie OGLESBY
v.
STATE of Alabama.
Ex parte Jackie Oglesby.
SC 1731.
Supreme Court of Alabama.
July 2, 1976.
*382 Bill Thompson, Talladega, for petitioner.
William J. Baxley, Atty. Gen., and William A. Davis, III, Asst. Atty. Gen., for the State.
PER CURIAM.
Jackie Oglesby was convicted of perjury under Tit. 14, § 377, in Talladega Circuit Court and sentenced to five years' imprisonment. The Court of Criminal Appeals affirmed. We granted certiorari on the ground that the opinion of the Court of Criminal Appeals was in conflict with prior decisions of both this Court and the Court of Criminal Appeals. On the authority of settled case law, in effect at the time of Oglesby's alleged offense, we reverse the Court of Criminal Appeals. But, for the future, we overrule the existing case law as it pertains to perjury prosecutions which are based upon inconsistent sworn statements of the accused, and we recognize for prospective application an exception to the general rule as hereinafter discussed.[1]
Oglesby's prosecution for perjury arose from a murder investigation in Talladega County. On October 31, 1974, during the course of the investigation, Oglesby was called into Sheriff H. E. Mitchell's office to make a statement. Before making his statement, Oglesby was given full Miranda[2] warnings by Sheriff Mitchell and was sworn to tell the truth by Mrs. Sally H. Mitchell, who was a notary public and secretary to the District Attorney.[3] The substance of the statement was that Oglesby was riding in a car with the murder suspect, Douglas Bridges, on the day of the murder. Bridges pulled up to Davidson's Grocery and went inside to buy beer. While waiting in the car, Oglesby heard a shot and saw Bridges running out the door with a paper sack and a pistol in his hand. Bridges jumped in the car and said, "Let's go." As the parties drove toward Ashland, Bridges told Oglesby, "I shot Davidson," and Oglesby replied, "I don't want no part of this. . .I don't want none of the money." After Bridges disposed of his pistol in a creek, the two drove back toward Talladega, heard police and ambulances and followed them to Davidson's store, where officers asked them to move their car so the body could be placed in the ambulance.
Subsequent to Oglesby's statement, Bridges was charged with the murder of Harold Purvis Davidson. At Bridges' preliminary hearing, Oglesby was called to the stand, placed under oath, and he recanted his previous statement saying he had lied about everything except that part in which he stated that he and Bridges went out to the Davidson store after hearing the ambulance and police. As a result of Oglesby's testimony at the preliminary hearing, the State determined it would be unable to make out a prima facie case against Bridges and dismissed the case.
Oglesby was indicted on two counts of perjury. Count I charged him with making a false statement at the preliminary hearing. Count II charged him with making a false statement under oath before Mrs. Mitchell and Sheriff Mitchell. After the State presented its case in chief, Oglesby moved to exclude the evidence and also *383 requested, in writing, the affirmative charge, both of which were overruled. Oglesby then moved that the State be required to elect which count it would present to the jury. The Court also denied this motion and Oglesby rested his case without presenting any evidence. After the defense rested, the State moved to dismiss Count II and the jury found Oglesby guilty on Count I.
The primary issue raised by Oglesby, and the issue upon which we reverse the Court of Criminal Appeals, is the trial Court's denial of Oglesby's motion to exclude and refusal of his request for the affirmative charge.
At the time Oglesby made the inconsistent sworn statements, it was the settled law in Alabama that a conviction for perjury could be sustained only upon the testimony of two witnesses to the falsity of the defendant's statement or by the testimony of one witness plus strong corroborative evidence. Broadway v. State, 52 Ala.App. 249, 291 So.2d 338 (1974); Knight v. State, 30 Ala.App. 97, 1 So.2d 668 (1941). Prior inconsistent testimony by the accused may be used as corroboration, but it will only support a conviction if there is positive testimony of one witness to the corpus delicti. Williams v. State, 34 Ala.App. 462, 41 So.2d 605, cert. denied 252 Ala. 445, 41 So.2d 608 (1949).
The Court of Criminal Appeals held that this requirement was met because the State presented the testimony of Sheriff Mitchell and Mrs. Mitchell to the effect that Oglesby made conflicting statements. This is not sufficient. The State's evidence only corroborated the fact that Oglesby made inconsistent statements, but the requirement in Alabama is inconsistent statements plus the testimony of one witness to independent facts which would prove one of the statements false.
Obviously, one or the other of Oglesby's inconsistent sworn statements is not true; but the law requires independent proof of the falsity of the one on which the perjury charged is founded. In other words, to support a conviction, the State must call a witness who can testify either that Oglesby was present when Davidson was murdered or that Oglesby was not present when Davidson was murdered. The State only produced witnesses to testify to what Oglesby said about the murder. Without independent testimony as to the events of the murder which would contradict one of Oglesby's inconsistent statements, the corpus delicti of perjury is not proved.[4]
Williams also involved a situation in which the State presented a perjury indictment solely on the basis of contradictory statements of the accused. Judge Carr stated in that case:
"Proof of the contradictory statements deposed by the accused on the second trial was admissible as a circumstance affecting the falsity of the evidence on the first trial. However, it mattered not how many witnesses testified to these facts, it could not be the equivalent of corroborative proof of the corpus delicti of the offense charged in the indictment." Williams v. State, 34 Ala.App. at 464, 41 So.2d at 607.
The Williams court goes on to say that the cause cannot be proved even by a confession that one of the statements is false without the corroboration of a witness who testifies to independent knowledge that one or the other statements is false. The Court of Criminal Appeals recently affirmed the Williams rule in Broadway v. State, supra.
Besides the two inconsistent sworn statements, the State also relies upon an unsworn statement Oglesby made to the father of the murder victim which implicated Bridges in the murder. Again, this is not sufficient under Alabama law. Testimony establishing other inconsistent statements is not equivalent to testimony establishing the falsity of either statement. The confusion in this area probably results from the conclusory *384 or shorthand statement of the rule usually found in cases. To clarify this point, we will set out two examples of a "witness to the corpus delicti."
In Knight v. State, supra, although there were no contradictory statements by the accused, a perjury conviction was affirmed against Knight, a man who swore he had seen a murder, on the testimony of several witnesses who were present at the scene of the alleged murder. According to these witnesses, Knight was not present at the time of the incident and had no way of knowing the facts to which he swore.
Another example of a "witness to the corpus delicti" of perjury is found in Bradford v. State, 134 Ala. 141, 32 So. 742 (1902), where the accused testified under oath that he was sick on a certain day and did not arise until nine or ten o'clock. A conviction for perjury was affirmed on the testimony of a witness for the prosecution who claimed she saw Bradford outside his home at seven or eight o'clock on the morning in question.
Thus, a "witness to the corpus delicti" of perjury is a witness who has independent knowledge of the facts to which the defendant has sworn and who testifies, based on that independent knowledge, that the defendant has perjured himself. There is quite a difference between the witnesses in the Knight and Bradford trials and the witnesses produced by the State in the Oglesby trial, who could only testify to the fact that Oglesby made inconsistent statements. Under the existing law, a perjury conviction could not be sustained on evidence of inconsistent statements alone. Therefore, the trial Court's denial of Oglesby's motion to exclude and its refusal to give the affirmative charge are reversible error.
We now turn to the desirability of preserving the existing law on inconsistent sworn statements. The rule of Williams and Bradford results from an application of the general law of perjury that a conviction cannot be sustained without the testimony of two witnesses or one witness with strong corroboration. This rule has validity in the normal perjury prosecution where the evidence of perjury consists of witnesses who testify to a set of facts contradictory to the defendant's sworn statement. In such a case, the law requires two witnesses because a conviction for perjury should not be supported on the basis of an oath against oath. This rationale, however, has no application in the case of two inconsistent sworn statements made by the same person. As Professor Wigmore observes, "The purpose of the rule is to protect the accused from the false testimony of a single witness swearing against him; here no attempt is made to condemn him upon the credit of another person; the rule's protection is not needed; and the rule should fall with its reason." 7 Wigmore, Evidence, 3d Ed. 1940, § 2043.
Judge Harris recognized this in Broadway after he ordered the reversal of a perjury conviction based solely on inconsistent sworn statements when he concluded, "This may appear to be a miscarriage of justice and, indeed, it is . . ." 52 Ala. App. at 254, 291 So.2d at 342.
Other jurisdictions have created an exception to the general law of perjury both by statute (18 U.S.C., § 1623) and by judicial action (Commonwealth v. Sumark, 148 Pa.Super. 412, 25 A.2d 605). This exception allows a conviction for perjury to be based upon evidence of two inconsistent sworn statements by the same person without additional evidence corroborating the falsity of either statement. Such an exception naturally results from an understanding of the rationale for the general rule. We adopt the exception. Therefore, on this point, Williams v. State, supra, and Broadway v. State, supra, are overruled, and a conviction for perjury in Alabama committed after the release date hereof may be sustained upon evidence of two inconsistent sworn statements made by the same person.
In addition, we note that the Court of Criminal Appeals states that it examined the record and found no prejudicial error. Upon examining the record for a better understanding of the point raised on certiorari, *385 we found from the record that the defendant requested the trial court to require the state to make an election between the two perjury counts in the indictment which involved separate transactions. The defendant's request was denied. We think this was error. See 6A, Alabama Digest, Criminal Law, Key No. 678.
Consequently, we think the defendant was entitled to a new trial on that ground also.
REVERSED AND REMANDED.
HEFLIN, C. J., and BLOODWORTH, FAULKNER, JONES, ALMON, SHORES, EMBRY and BEATTY, JJ., concur.
MADDOX, J., concurs in the result.
JONES, J., concurs specially.
MADDOX, Justice (concurring in the result).
I concur with the majority that the State should have been required to elect between the two counts at the close of the State's case, since the defendant made a request to that effect. Therefore, I concur in the result.
Otherwise, I agree with the result reached by the Court of Criminal Appeals. I believe that if a defendant swears to two inconsistent statements, a conviction for perjury could be sustained by the proof that he swore to another inconsistent statement. The purpose of the rule requiring corroboration is to protect the accused from the false testimony of a single witness swearing against him. When the inconsistent statement is made by the accused himself, the rule's protection is not needed and the rule should fail. In other words, I would apply that rule now rather than make it prospective.
JONES, Justice (concurring specially).
I concur.
Because of our recognition of the abovestated exception, I deem it appropriate to briefly outline certain substantive and procedural aspects for prospective application of this exception.[1]
1. Indictment Charging Perjury On More Than One Inconsistent Sworn Statement. Where the State's indictment contains two or more counts charging the offense of perjury based on more than one of the inconsistent sworn statements, on proper motion, the defendant may require the State to elect no later than the close of the State's case.[2] If the State's election to proceed under any one count comes after the trial commences, such election shall operate as an acquittal on the remaining counts. In other words, the incidents of double jeopardy shall attach to the dismissed counts where the State proceeds to trial on inconsistent counts.[3]
2. Indictment Charging Perjury On Only One Inconsistent Statement. Where the State's indictment charges but a single offense based upon only one of the inconsistent sworn statements, or where the State dismisses all but one count prior to the commencement of trial such prior election shall not constitute an acquittal or give rise to double jeopardy as to any offense not charged in the indictment, or as to any dismissed count.[4]
3. Not every set of inconsistent sworn statements necessarily renders one false and the other true. Both may be false and each may support a perjury conviction. But the exception to the corroboration rule which this Court now recognizes for prospective application can be given operative *386 effect only so long as the statement remains inconsistent. This means, of course, that a conviction on the one, which judicially verifies the other, precludes a conviction based on such other statement. This does not mean that the State could not proceed against a single defendant on different indictments alleging the falsity of each statement; but, in such event, a conviction under either indictment could be sustained only under the general rule (requiring corroboration) and not the exception (based solely on the other inconsistent sworn statement).
4. Where Involuntariness Or Coercion Is Asserted As A Defense. If the defendant asserts as a defense that one of the inconsistent statements was the result of coercion, or was otherwise involuntarily made, wide latitude is to be allowed the defendant in his evidentiary support of this defense. Since the exclusionary rule of the Fifth Amendment is not here involved, involuntariness vel non of the statement is a question of fact for the jury.
A final note of caution is in order. This entire discussion must be understood in the context of the application of this exception to the general rule; i. e., the points discussed above (except for the application of the general rule discussed in paragraph 3) relate to the situation where the State seeks to prove perjury based upon two or more inconsistent sworn statements made by the same person absent independent evidence of corroboration of the falsity of the statement upon which the charged offense is based.
NOTES
[1] By prospective application, we mean that this rule will apply to offenses coming within the exception occurring after the effective date of this opinion.
[2] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.
[3] Whether this first statement would support a perjury conviction under Tit. 14, § 377 (". . . upon any oath or affirmation authorized by law. . ."), is not before us and we express no opinion on this issue.
[4] This statement of the lawapplied in the instant casemust be understood as an expression of the general rule and not the exception to that rule as discussed for prospective application in the latter portion of this opinion.
[1] I am keenly aware of the risk attending any effort to project the practical application of this new rule. Nevertheless, I feel constrained to share with bench and bar a few observations gleaned from my in-depth study of this problem.
[2] For a good statement of the rule of election, see Butler v. The State, 91 Ala. 87, 9 So. 191 (1890).
[3] For a discussion of this general rule of former jeopardy, not peculiar to the offense of perjury, see Murry v. State, 210 Ala. 603, 98 So. 871 (1924).
[4] See Boswell v. State, 290 Ala. 349, 276 So.2d 592 (1973).