TAYLOR, Judge.
Appellant Charles Nelson was found guilty of perjury by a jury in Morgan County, Alabama. He was sentenced to one year and one day’s imprisonment; sentence was suspended and he was placed on eighteen months’ probation. He now raises two issues on appeal.
One Vicki Haynes Sims was charged with a speeding violation. Assistant District Attorney Greene, who was the state’s only witness in this case, was the prosecuting attorney in the case against Sims.
Greene stated that during the Sims case, he called the appellant Nelson as a witness. The appellant testified that he was working on the day of Miss Sims’s traffic citation and that he was in the car with the officer who cited her for speeding. Greene testified that when Miss Sims took the stand, she stated that appellant was not present *1309 when she received her ticket. Judge Bre-land, who presided over the Sims case, then asked the appellant if he, in fact, was there at Sims’s citation. The appellant then admitted that he was not present.
I
The appellant first alleges that the trial judge committed error when he overruled the appellant’s motion for verdict of acquittal. The appellant asserts that the trial judge should have ruled in his favor because a conviction of perjury cannot be had on the uncorroborated testimony of a single witness, relying on § 13A-10-105, Code of Alabama 1975, which provides:
“In any prosecution for perjury, except a prosecution based upon inconsistent statements pursuant to section 13A-10-104, the falsity of a statement may not be established by the uncorroborated testimony of a single witness.”
However, the state in this case relies on the exception; this is a § 13A-10-104 prosecution. That statute reads:
“(a) Where a person has made statements under oath which are inconsistent to the degree that one of them is necessarily false, each having been made within the jurisdiction of this state and within the period of the statute of limitations, the prosecution may proceed by setting forth the inconsistent statements in a single count alleging in the alternative that one or the other was false and not believed by the defendant to have been true when made. In such case, it shall not be necessary for the prosecution to prove which statement was false, but only that one or the other was false and not believed by the defendant to be true.
“(b) The highest degree of peijury of which the defendant may be convicted shall be determined by hypothetically assuming each statement to be false and perjurious. If peijury of the same degree would be established by the making of each statement, the accused may be convicted of that degree at most. If perjury of different degrees would be established by the making of the two statements, the accused may be convicted of the lesser degree at most.”
In this case, one of the statements had to be false; either the appellant was present at the giving of the citation or he was not. The conflicting statement given by this appellant occurred in the same trial and within the State of Alabama. Appellant relies on Oglesby v. State, 337 So.2d 381 (Ala.1976), a case which preceeded the enactment of the code sections recited above. However, even in Oglesby, the Supreme Court, while discussing at length the old rule followed in Alabama, set forth an exception concerning conviction of perjury for inconsistent statements. Justice Maddox stated:
“Other jurisdictions have created an exception to the general law of peijury both by statute ... and by judicial ac-tion_ This exception allows a conviction for peijury to be based upon evidence of two inconsistent sworn statements by the same person without additional evidence corroborating the falsity of either statement. Such an exception naturally results from an understanding of the rationale for the general rule. We adopt this exception. Therefore, on this point, Williams v. State, [34 Ala.App. 462, 41 So.2d 605, cert. denied, 252 Ala. 445, 41 So.2d 608 (1949) ] and Broadway v. State, [52 Ala.App. 249, 291 So.2d 338 (1974)] are overruled, and a conviction for perjury in Alabama committed after the release date hereof may be sustained upon evidence of two inconsistent sworn statements made by the same person.” 337 So.2d at 384.
The statute codified this case law. The trial court correctly overruled appellant’s motion for judgment of acquittal. There was sufficient evidence presented for the conviction of perjury.
II
The appellant insists that the trial court should have granted his motion for judgment of acquittal upon the further ground that he retracted his false statement. He asserts that in answering Judge Breland’s *1310 question by stating that he was not present when the Sims traffic ticket was issued, he made an effective retraction. However, “it has been held that the retraction or correction of false testimony before the close of the cause or proceeding in which the testimony is given does not ipso facto exculpate the witness of perjury.” 70 C.J.S. Perjury, § 8(c) (1951). The applicable Alabama statute, § 13A-10-107, Code of Alabama 1975, provides:
“No person shall be convicted of perjury if he retracted his false statement in the course of the same proceeding in which it was made before it became manifest that the falsification was or would be exposed. Statements made in separate hearings at separate stages of the same trial or administrative proceeding shall be deemed to have been made in the course of the same proceeding. The burden of injecting the issue of retraction is on the defendant, but this does not shift the burden of proof.”
The plain language of this act makes it clear that it does not apply in this case. No construction of a statute is required when its language is not ambiguous. The federal statute, 18 U.S.C.A. § 1623(d) (1948), relating to retraction of false statements is substantially similar to the Alabama Statute. Both require (1) that the retraction occur in the same proceeding and (2) that the statement be retracted before it becomes manifest that the falsification is or will be exposed. United States v. Scrimgeour, 636 F.2d 1019 (5th Cir.1981); United States v. Denison, 663 F.2d 611, rehearing denied, 669 F.2d 733 (5th Cir.1981); United States v. Moore, 613 F.2d 1029 (D.C.Cir.1979), cert. denied, 446 U.S. 954, 100 S.Ct. 2922, 64 L.Ed.2d 811 (1979). A witness can no longer lie under oath and escape penalty by recanting his testimony after it becomes manifest that the falsity of his statement has been or will be exposed. Denison, supra.
The facts in this case are similar in substance to the facts in United States v. Norris, 300 U.S. 564, 57 S.Ct. 535, 81 L.Ed. 808 (1937). Although this case was decided before the adoption of the federal statute, the ruling is consistent with the statute’s interpretation. This statute also codified existing case law. In Norris, Senator Norris was called to testify at a hearing before a Congressional Committee about campaign fund raising. When he initially took the stand, under oath, he denied having received certain money for his campaign. After he testified, another witness testified that he had indeed received the money. Thereafter, Norris again took the stand and retracted his earlier statement and admitted receiving the money. In affirming his conviction for perjury, Justice Roberts stated:
“He would have us hold that so long as the cause or proceeding in which false testimony is given is not closed there remains a locus poenitentiae of which he was entitled to and did avail himself. The implications and results of such a doctrine prove its unsoundness. Perjury is an obstruction of justice; its perpetration well may affect the dearest concerns of the parties before a tribunal. Deliberate material falsification under oath constitutes the crime of perjury and the crime is complete when a witness’ statement has once been made. It is argued that to allow retraction of perjured testimony promotes the discovery of the truth and, if made before the proceeding is concluded, can do no harm to the parties. The argument overlooks the tendency of such a view to encourage false swearing in the belief that if the falsity be not discovered before the end of the hearing it will have its intended effect, but, if discovered, the witness may purge himself of crime by resuming his role as witness and substituting the truth for his previous falsehood. It ignores the fact that the oath administered to the witness calls on him freely to disclose the truth in the first instance and not to put the court and the parties to the disadvantage, hindrance, and delay of ultimately extracting the truth by cross-examination, by extraneous investigation, or other collateral means.” 300 U.S. at 573-4, 57 S.Ct. at 539.
*1311 This analysis of the sense behind this rule provides a complete answer to the contention of appellant here. Nelson recanted his “bearing false witness” only after the falsity of his prior statement had been exposed.
“If the witness withdraws the false testimony of his own volition and without delay, the false statement and its withdrawal may be found to constitute one inseparable incident out of which an intention to deceive cannot rightly be drawn. Where, however, the withdrawal and the recanting followed only after he knew that his false testimony would not deceive, he is not absolved from guilt_” 70 C.J.S. Perjury, § 17(b) (1951).
We do not intend to say, of course, that a “correction of an innocent mistake, or the elaboration of an incomplete answer, might not demonstrate that there was no willfull intent to swear falsely.” See United States v. Norris, 300 U.S. at 571, 57 S.Ct. at 540. The judgment of the trial court is due to be affirmed.
AFFIRMED.
All the Judges concur.