STATE *v.* DOWD.

Opinion delivered April 15, 1929.

*Hal L. Norwood,* Attorney General, and *Steve Carrigan,* for appellant.

HUMPHREYS, J. Appellant was indicted in the circuit court of Miller County for the crime of assault with intent to kill by shooting W. E. Davis, a policeman, in Texarkana, on the 26th day of November, 1928. On the trial of the cause he was convicted of an aggravated assault, and, as a punishment therefor, was adjudged to pay a fine of $50 and serve a term of thirty days in the county jail. An appeal has been duly prosecuted to this court by the State, to ascertain whether the trial court did not err in giving appellant's requested instructions numbers 21 and 28, over its objection and exception. The instructions are as follows:

"21. You are instructed that an officer can make an arrest for a misdemeanor only when a warrant is placed in his hands, or without a warrant of arrest when the offense is committed in his presence; and, if acting under a warrant of arrest, shall give information thereof, and, if required, show the warrant. If you find from the evidence in this case that Davis and those who were acting with him attempted to arrest the defendant without a warrant of arrest, for a misdemeanor, which was not committed in his presence, then the said Davis and those acting with him were acting unlawfully, and the defendant had the right to resist the arrest, using no more force to prevent same than was reasonably necessary. But you are further told that the fact that Davis and those acting with him attempted to arrest the defendant without a warrant of arrest for a misdemeanor which was not committed in the presence of either of them, if you find they did so, did not justify the defendant in shooting Davis, unless you further find that the defendant honestly believed at the time, acting as a reasonably prudent person, without fault or carelessness on his part, that it was necessary to do so in order to prevent Davis from taking his life or doing him great bodily harm."

"28. You are instructed that, if you find Davis and his party were seeking to arrest defendant for a mis-

demeanor not committed in the presence of some of them, and neither of them had a warrant for his arrest, then you are instructed that they had no right to enter his home over his protest.''

The trial court gave the two instructions quoted above on the theory that the instant case was parallel in all material respects to the case of *State* v. *Adams,* 173 Ark. 713, 293 S. W. 19, in which the trial court erroneously refused to give said instructions, and for which error the judgment in the latter case was reversed by this court. In one very material feature the instant and the Adams cases are unlike. In the Adams case he was not engaged in the commission of any offense at the time the sheriff and his deputy entered the store. In the instant case, according to the undisputed testimony, appellee was walking up and down on his porch with a gun, cursing and threatening to kill any one that came there, and said that he was just waiting for the policemen to come there so he could kill them. The policemen had gone to appellee's home in response to 'phone calls informing them that appellee had abused and driven his family out of the home, and that he was terrorizing the neighborhood. He was drinking, and had not quieted down when the policemen arrived, and, during the attempt of Davis to reason with him, he walked inside the house and shot back at Davis, who remained on the porch, severely wounding him.

The requested instructions were proper declarations of law in the Adams case, because he was not engaged in the commission of a crime in the presence of the officers, after they arrived, for which they might arrest him, and because they had no warrant to arrest him for any crime committed before they arrived, but were improper declarations of law applicable to the facts of the instant case, because appellee was engaged in the commission of a crime in the presence of the officers after they arrived, for which they had a right to arrest him without a warrant.

We agree with appellant that in the instant case the trial court erred in giving the two instructions quoted, but not for the reason assigned by appellant, that this court erred in ruling that said instructions should have been given in the Adams case. The reason, as stated above, that the instructions had no place and should not have been given in the instant case, is that appellee was engaged in the commission of a crime in the officers' presence, for which they had a right to arrest him without a warrant. This court adheres to its decision in the case of *State* v. *Adams, supra,* because the instructions referred to were proper declarations of the law applicable to the facts in that case.

This court cannot reverse and remand the case for a new trial on the State's appeal, as appellee herein was acquitted of a felony and convicted of a misdemeanor punishable by imprisonment. We can go no further than to declare that the trial court erred in giving the two instructions referred to, over the objection and exception of appellant. *State* v. *Binkley,* 123 Ark. 240, 185 S. W. 279.