IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-11-00177-CV

 

Ex
parte Robert E. MacLaren

 

 



From the 278th District
Court

Walker County, Texas

Trial Court No. 25,493

 



MEMORANDUM  Opinion










 

Robert E. MacLaren attempted to appeal
from a February 28, 2011 order denying his affidavit of indigence.  By letter
dated March 29, 2011, the Clerk of this Court notified MacLaren that the appeal
was subject to dismissal because it appeared that MacLaren was attempting to
appeal an interlocutory order over which there is no right to appeal.  See
Tex. Civ. Prac. & Rem. Code Ann.
§ 51.014 (West 2008) (Statute that identifies the type of orders subject to
interlocutory appeal.).  The Clerk also warned MacLaren that the appeal would
be dismissed unless, within 21 days of the date of the letter, a response was
filed showing grounds for continuing the appeal.  See Tex. R. App. P.  42.3, 44.3.  We did
not receive a response from MacLaren and dismissed his appeal on May 4, 2011.

On May 16, 2011, we received a new
notice of appeal from an April 27, 2011 order in which the trial court again
denied a motion to approve MacLaren’s status as indigent.  We use Rule 2 to
expedite this disposition.  Tex. R. App.
P. 2.  We will dismiss this appeal for lack of jurisdiction as we did
the prior appeal of the same issue.  We have no jurisdiction to review an
interlocutory order that denies indigent status to a litigant.

            Absent a specific exemption,
the Clerk of the Court must collect filing fees at the time a document is
presented for filing.  Tex. R. App. P.
12.1(b); Appendix to Tex. R. App. P., Order Regarding Fees
(Amended Aug. 28, 2007, eff. Sept. 1, 2007).  See also Tex. R. App. P. 5; 10th
Tex. App. (Waco) Loc. R. 5; Tex.
Gov’t Code Ann. § 51.207(b); § 51.941(a) (West 2005); and § 51.208 (West
Supp. 2010).  Under these circumstances, we suspend the rule and order the
Clerk to write off all unpaid filing fees in this case.  Tex. R. App. P. 2.  The write-off of
the fees from the accounts receivable of the Court in no way eliminates or
reduces the fees owed.

            Accordingly, this appeal is
dismissed.

 

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Davis, and

            Justice
Scoggins

Appeal
dismissed

Opinion
delivered and filed May 25, 2011

[CV06]






led a motion in all three cases to suppress the written statements that
he had given to a police officer, in which he admitted to the three crimes. Appellant contended
that the statements were taken in violation of his rights under Article 36 of the Vienna Convention
on Consular Relations. After a hearing, the trial court denied the motions to suppress.
      Thereafter, appellant plead guilty in all three cases pursuant to a plea bargain agreement, was
found guilty by the court in the three cases, and was sentenced to 50 years in prison for the murder
and 20 years in prison for each of the two aggravated assault cases.
      Appellant appeals contending that the United States Constitution and/or Article 36 of the
Treaty on Consular Relations, requires the exclusion of evidence obtained in violation of the terms
of the treaty.
      It is undisputed that appellant is a citizen of Mexico and that he was never informed of his
rights to contact the Mexican Consulate. Appellant was properly Mirandized twice before and
once after he gave his statements. He acknowledged he knew he had a right to a lawyer and chose
to waive that right. He stated that he was not threatened or coerced, and that he signed the
statements knowingly and voluntarily. He stated that he knew of the existence of the Consulate,
but did not ask to speak to a Consulate representative.
      In reviewing a trial courts denial of a motion to suppress, we review the order de novo under
the totality of the circumstances and determine if the trial court abused its discretion. We afford
total deference to the trial court’s finding based on credibility and evaluation of the witnesses. 
Guzman v. State, 955 S.W.2d 85, 87 (Tex. Crim. App. 1997).
      Abuse of discretion is determined by whether the court acted without reference to any guiding
principles. McDaniel v. State, 3 S.W.3d 176, 179 (Tex. App.—Fort Worth 1999, pet. ref’d).
      Article 38.23 Tex. Code Crim. Proc. provides that no evidence obtained by an officer in
violation of any provision of the Constitution or laws of the State of Texas, or of the Constitution
or laws of the United States shall be admitted in evidence against the accused in the trial of any
criminal case.
      The Vienna Convention on Consular Relations [Article 36] grants a foreign national who has
been arrested, imprisoned or taken into custody, a right to contact his consulate and requires the
arresting government authorities inform the individual of this right without delay. Maldonado v.
State, 998 S.W.2d 239, 246-47 (Tex. Crim. App. 1999); Rocha v. State, 16 S.W.2d 1, 13 (Tex.
Crim. App. 2000).
      Rocha, Id. then holds that the exclusionary rule [Article 38.23, supra], applicable to evidence
obtained in violation of any provisions of the federal or state constitutions or laws does not provide
a remedy for violations of the Vienna Convention on Consular Relations.
      Article 38.23 is not a suitable enforcement mechanism for international treaties. Id., p. 19. 
Given the language of Article 38.23, the purpose and function that treaties provide, and the
uniquely federal aspect involved in enforcing international agreements, we hold that treaties do
not constitute “law” for Article 38.23 purposes. Id., p. 19.
      Holding that Article 38.23 does not apply to treaties does not preclude the application of a
federal exclusionary rule. If the United States Supreme Court decides that all jurisdictions in the
United States must enforce Vienna Convention violations through an exclusionary rule, then this
Court would be bound under the Supremacy Clause to give effect to that holding. Id., p. 19. A
treaty that can be enforced under the Supremacy Clause should not be dependent upon state law
for its implementation. Id., p. 19.
      Thus, appellant’s complaint has been decided against him. The dictates of the Vienna
Convention on Consular Relations are not enforceable in Texas criminal courts, and a violation
of the treaty does not warrant the suppression of evidence. Rather, a treaty is enforced and
violations are remedied by the executive branch of the government. Rocha, Id.
      The trial court did not abuse its discretion or err in denying appellant’s motion to suppress.
      Appellant’s contentions are overruled in all three cases, and all three judgments are affirmed.

                                                                         FRANK G. McDONALD
                                                                         Chief Justice (Retired)

Before Chief Justice Davis,
      Justice Vance, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed January 3, 2001
Do not publish